# DOTEY *v.* DISTRICT OF COLUMBIA.

---

MUNICIPAL CORPORATIONS; SIDEWALKS; PARKING; NEGLIGENCE.

1. The sidewalks of the city of Washington, which are wholly subject to the control of the municipal authorities, extend from the curb line

bounding the carriageway of the street to the building line of the houses; and the fact that a portion of these sidewalks is withdrawn from public travel and set apart as parking does not change or diminish in any manner the control of the municipal authorities over them.

2. The District of Columbia as a municipality is liable for the condition of a water plug in a walk leading from the sidewalk through a parking to the front door of a dwelling house; and in a suit against the District by a woman injured by catching her foot against such a plug, which projected several inches above the walk, it is error for the trial court to direct a verdict for the defendant, in the absence of testimony showing negligence on her part.

No. 1488.    Submitted March 10, 1905.    Decided March 21, 1905.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon a verdict directed by the court in an action against the District of Columbia to recover damages for personal injuries.    *Reversed.*

The COURT in the opinion stated the case as follows:

This is a suit at common law, instituted in the supreme court of the District of Columbia, to recover compensation from the District for personal injuries sustained by the plaintiff through the alleged negligence of the authorities of the District in permitting a defective condition of one of the sidewalks in one of the streets of the city of Washington. The facts of the case, about which there seems to be no substantial controversy, are these:

About 9 o'clock on the evening of April 13, 1903, when the weather was unpropitious and it was raining and blowing hard, the plaintiff, Ida Dotey, a seamstress, being on W street northwest, in the city of Washington, between Fourteenth and Fifteenth streets, and on the north side of W street, on her way to visit at a house No. 1439 W street, wherein resided another seamstress, turned from the granolithic sidewalk to enter the house; and, there being a brick walk of about 3 or 4 feet between the granolithic sidewalk and the steps of the house, depressed some 6 or 9 inches below the granolithic sidewalk, and

in this brick walk, a little distance from the center towards one side of the walk, and standing a little over 1 foot from the outer edge of the lowest step of the house, a water box or water plug projecting some 6 or 9 inches above the brick pavement, she first stumbled over the depression of the brick pavement, which in the darkness she had not noticed, and then had her foot caught against the water plug, and was thrown violently against the steps and was injured. There were two street lamps on the square, the nearest about 50 feet away; but the light, so far as it affected the locality of the plaintiff's accident, was more or less intercepted by a tree standing on the sidewalk. There was some "parking," as it is called, inside the line of the granolithic pavement and on both sides of the brick pavement leading to the house from the granolithic pavement. It appears in evidence that the walks had been in the condition stated for more than a year before the plaintiff's accident; that several persons had stumbled over the water plug before the plaintiff, and that a few days after the accident the place was fixed by bringing the sidewalk of brick up even with the water plug.

At the trial of the case there was testimony on both sides from which the foregoing facts appeared; and at the close of the testimony the defendant moved the court to direct the jury to return a verdict in its favor. The grounds of the motion are not stated in the record, and there is no opinion of the court from which the grounds can be learned. The appellant's brief alleges that they were: (1) That the plaintiff was guilty of contributory negligence; and (2) that the location of the place of the accident was outside of the public sidewalk. The motion was allowed, and verdict was returned and judgment rendered for the defendant. The plaintiff has appealed.

*Mr. J. H. Ralston, Mr. F. L. Siddons,* and *Mr. Eugene A. Jones* for the appellant.

*Mr. Andrew A. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

Undoubtedly there was error in the action of the trial court in directing a verdict for the defendant. There is no testimony whatever in the record before us tending to show contributory negligence on the part of the plaintiff, and that point has been abandoned by the appellee in the brief on its behalf, and the contention that the defendant is not liable for the condition of the water plug, for the reason that it was outside of the public sidewalk and within what is designated as the parking, is wholly without merit.

The sidewalks of the city of Washington extend from the curb line bounding the carriageway of the street, to the building line of the houses. They are wholly the property of the United States, and they are wholly subject to the control of the municipal authorities of the District of Columbia. That a portion of these sidewalks should be in a measure withdrawn from the public travel upon them, and set apart as parking, does not change or diminish in any manner the control of the District over them. This is a mere matter of convenience and of municipal ornamentation. Many things are allowed on the sidewalks, such as trees, carriage steps, grass plots adjacent to the curb line, fire plugs, and the like, things of beauty or of convenience or of necessity, which of themselves impede travel, and yet are not nuisances, but of which everyone is bound to take notice. *Wolff* v. *District of Columbia,* 21 App. D. C. 464, S. C. 196 U. S. 152, 49 L. ed. 426, 25 Sup. Ct. Rep. 198; *Howes* v. *District of Columbia,* 2 App. D. C. 188. And so, likewise, the portions of the sidewalks adjacent to houses, and known as parking, are withdrawn from general use by the public as sidewalks, and are committed to the immediate care and custody of the adjacent owners or occupants. And it may well be that pedestrians wandering into these spaces, when they have been marked by being converted into grass plots, or otherwise in some distinctive manner segregated from the parts reserved for public travel, cannot hold the District of Columbia liable for any obstruction which they may encounter

there. But the parking, so called, from which the public travel is excluded, does not mean, and was never intended to mean, all the portion inside the general line of travel. The paths to the houses are as much parts of the sidewalks now as they ever were. The control of the municipal authorities over them is as complete as it has ever been. The adjacent owner may not disturb that path any more than he can any other part of the sidewalk, without the consent of the municipal authorities. He may not pave it as he pleases. He may not substitute one pavement for another. He may not elevate or depress it, except with the permission of the municipal authorities. Indeed, even as to the grass plots, which actually constitute the parking, he must use them in entire subordination to the superior control of the municipality.

Then, as to these water plugs, they are put down by the municipality, and the adjacent owner has no control over them, and no right to interfere in any manner with them, except by permission of the municipal authorities; and whether they are placed in the main sidewalk or in the portion of the sidewalk leading to the house, if they are placed in either, it is the duty of the municipal authorities to see that they do not become dangerous obstructions to those having occasion to use the sidewalks.

The contention of the appellee would tend to throw upon the adjacent owner the burden of keeping the portion of the sidewalk leading to his house, and any water plug that may have been constructed therein by the municipal authorities, in safe condition. That is the necessary result of their argument; for if they themselves are not responsible, then the adjacent owner must, or at least should be, or else no one is responsible for dangerous obstructions on certain parts of the public highways of the city of Washington. The argument is not advanced in so many words, but that is the result of it; and the result is sufficient to show the absurdity of the contention.

These considerations are so plain and obvious that it seems strange to us that they were overlooked at the trial of the case. There is no substantial difference in principle between this case

and that of *Mosheuvel* v. *District of Columbia,* 191 U. S. 247, 48 L. ed. 170, 24 Sup. Ct. Rep. 57, except that this case is a very greatly stronger one for the plaintiff. There was grave, although insufficient, ground in that case for the defense of contributory negligence on the part of the plaintiff; there is none whatever in the case under consideration. There is no reasonable ground for the denial of negligence on the part of the District in either. It is claimed that there is a difference, because in the *Mosheuvel Case* the record shows the projecting water plug which caused the plaintiff's injury to have been "in the sidewalk," and it does not appear whether there was any parking in the street. But, as we have stated, this is of no consequence whatever.

We think that it was error to withdraw this case from the jury, and for this error the judgment appealed from must be reversed, with costs. The cause will be remanded to the Supreme Court of the District of Columbia, with directions to vacate the judgment and the verdict of the jury therein, and to award a new trial. And it is so ordered.          *Reversed.*