**BROOKE v. CROSON.**

No. 5443.

Court of Appeals of the District of Columbia.

Argued April 8, 1932.

Decided May 2, 1932.

Harry H. Millard and Glenn Willett, both of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment for damages for personal injuries resulting from a collision between automobiles.

The record discloses that on June 13, 1927, a collision occurred between two passenger automobiles owned and operated respectively by appellant and appellee; that appellee as plaintiff thereupon sued appellant in the lower court charging that the collision had resulted from appellant's negligence in the operation of his automobile, and praying for damages for injuries resulting therefrom. Defendant by his plea admitted the happening of the collision, but denied that it had resulted from negligence on his part. The issue was tried before the court and jury, and a verdict for $2,000 was found against defendant. Judgment was entered accordingly.

At the trial the plaintiff was called as a witness in chief in his own behalf, and testified in part to a conversation which he had with the defendant immediately after the accident. The record sets this out as follows: "That he (plaintiff) there met and talked with defendant about the accident; that defendant then and there made statements whereby defendant admitted that the accident resulted from defendant's own fault; that the substance of defendant's statements

was that defendant was due at the store at 7 o'clock, that defendant was five minutes late at the time of the accident, that the plaintiff would not suffer any loss as he (the defendant) was fully insured."

The record discloses that thereupon the following proceedings took place: "The defendant by his counsel objected to the reception and consideration by the jury of any evidence tending to show that the defendant was insured against liability arising from this accident, on the ground that such evidence is wholly incompetent and prejudicial under the issues in this case, and claimed the protection of the court in accordance with the ruling of the Court of Appeals of the District of Columbia in its decision in Capital Construction Company v. Holtzman, 27 App. D. C. 125, which was cited to the court; but the court, after hearing argument both for the plaintiff and the defendant, by their respective counsel, expressed the opinion that the ruling cited and relied upon by the defendant was not applicable to this case, as the mention of insurance came into the testimony in this case as part of a conversation which was clearly admissible, and thereupon overruled the defendant's objection and admitted the evidence to be considered by the jury along with the other evidence in the case, to which ruling and action of the court the defendant by his counsel then and there duly excepted."

The foregoing ruling of the trial court, admitting in evidence the statement concerning defendant's insurance, and directing that it should be considered by the jury along with the other evidence in the case, is set out by appellant as the sole assignment of error in this appeal.

██ In our opinion, the ruling in question was erroneous. It is established by the overwhelming weight of authority that as a general rule it is reversible error in the trial of an action for damages for personal injuries suffered in an automobile accident to permit the plaintiff to introduce evidence to show that the defendant is protected by liability insurance against such accidents. It is held that such evidence is not relevant to the issue of negligence, and can have no effect but to induce a verdict based on the fact that an insurance company, and not the defendant, must pay the award. It has, however, been held that such evidence may be admitted where it is material as tending to establish an incidental fact in issue, as for the purpose of showing the interest or bias of a witness as agent of an insurance company, but, where

it is so admitted, the court should caution the jury to consider it only for such purpose, and not to consider it in regard to defendant's duty or liability to plaintiff. 36 C. J. 1128. In many cases, moreover, it has been held that, where such evidence has been erroneously admitted, the error is not cured by a later instruction to the jury to disregard it. James Stewart & Co. v. Newby (C. C. A. 4th) 266 F. 287.

In Akin v. Lee, 206 N. Y. 20, 99 N. E. 85, Ann. Cas. 1914A, 947, it is held that evidence that a defendant in an action for negligence is insured in a casualty company is incompetent; and that it is reversible error, in an action to recover for injuries to a plaintiff who was run into by an automobile, to admit testimony that the defendant stated in a conversation after the accident that he was insured against such accidents. In the court's opinion it is said: "Such evidence almost always is quite unnecessary to the plaintiff's case, and its effect cannot but be highly dangerous to the defendant's; for it conveys the insidious suggestion to the jurors that the amount of their verdict for the plaintiff is immaterial to the defendant."

In Curran v. Lorch, 243 Pa. 247, 90 A. 62, 63, it is held that, in an action to recover damages for personal injuries resulting from the alleged negligent operation of an automobile, it is error for the trial judge to refuse defendant's motion to withdraw a juror and continue the case where counsel for the plaintiff attempts by questions to direct the attention of the jury to the fact that defendant was insured and was therefore not concerned as to the result of the verdict. In the court's opinion it is said "that testimony of this character is an invitation to find a verdict on false grounds and that such practice is condemned not only in Pennsylvania but in other jurisdictions."

In George A. Fuller Co. v. Nicholas J. Darragh, 101 Ill. App. 664, it is held that, in an action for personal injuries, counsel has no right to tell the jury that he understands that an insurance company is defending the case. The court in its opinion said: "None of the learned counsel for appellee will gravely contend that whether appellant had procured insurance against liability for accidents or whether the suit under consideration was being defended by an insurance company or its attorney, could possibly throw any light upon the question of whether the injury to appellee had been occasioned by actionable negligence of appellant."

In this jurisdiction the subject is concluded by Capital Construction Co. v. Holtzman, 27 App. D. C. 125, which was an action for damages for personal injuries resulting from an elevator accident. It was held by this court to be reversible error for the trial court to permit plaintiff's counsel to ask witnesses whether or not the defendant was insured against such accidents.

At the trial of the present case the defendant made no objection to that part of plaintiff's testimony which related to the alleged admission of negligence, but objected and excepted to the part relating to defendant's insurance. It is plain that these parts are easily separable, and that the reference to insurance was not a necessary part of the admission. The trial court, however, not only refused to exclude this objectionable statement from the evidence, but admitted it without cautioning the jury, as evidence "to be considered by the jury along with the other evidence in the case." Under this ruling, plaintiff's counsel were entitled to refer to defendant's insurance as part of the evidence in the case, and the jury were entitled to accept it as evidence reflecting upon the issue which they were to decide by their verdict.

This was a distinct violation of the established rule as above set out, inasmuch as the court's ruling (which had the effect of an instruction to the jury) treats the plaintiff's testimony relating to the existence of liability insurance as substantive proof tending to establish the charge of negligence against defendant.

The judgment of the lower court therefore is reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.