## CULP v. REPPER.

### No. 6347.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1935.

Decided May 6, 1935.

HITZ and GRONER, Associate Judges, dissenting.

———◆———

Sefton Darr and James O'D. Moran, both of Washington, D. C., for appellant.

Charles W. Arth, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment entered in the Supreme Court of the District of Columbia in favor of appellee, defendant below, in a suit for damages for injuries resulting from a collision between automobiles belonging to the respective parties to this action.

The single assignment of error requiring attention relates to the exclusion of certain testimony offered by counsel for plaintiff. During the cross-examination of the defendant, he testified that there were four persons in the car with him at the time of the accident, neighbors of his, who reside in McKeesport, Pa. He was asked why these friends were not in court. In reply he said to bring them here would cost him three or four hundred dollars, and that was more than he could spend. He was then questioned as to why he had not taken their depositions, and in reply stated that he could not stand the expense.

At this point counsel for plaintiff approached the bench and, out of the hearing of the jury, requested that he be permitted to ask defendant whether or not he had a contract with an insurance or casualty company protecting him against any liability for the accident that had occurred, including witness fees and witness expenses. The court refused to permit the inquiry, to which an exception was taken.

At the conclusion of the evidence, counsel for plaintiff verbally requested the court to instruct the jury that defendant's failure to produce as witnesses the four persons who were in his automobile at the time of the accident, or to produce their depositions, created an inference that if their testimony had been adduced it would be unfavorable to the defendant. The court refused the prayer, stating that the witnesses were equally available to both parties, to which ruling the plaintiff noted and was granted an exception.

In the case of Brooke v. Croson, 61 App. D. C. 159, 58 F.(2d) 885, 886, Chief Justice Martin, speaking for the court, said: "It is established by the overwhelming weight of authority that as a general rule it is reversible error in the trial of an action for damages for personal injuries suffered in an automobile accident to permit the plaintiff to introduce evidence to show that the defendant is protected by liability insurance against such accidents. * * * It has, however, been held that such evidence may be admitted where it is material as tending to establish an incidental fact in issue, as for the purpose of showing the interest or bias of a witness as agent of an insurance company."

Clearly the present case is not within the exception above stated. The theory upon which this evidence was offered was for the purpose of impeaching the defendant, when he testified that he could not stand the expense of producing the witnesses at the trial, or of taking their depositions, when the insurance company would ultimately have to stand the expense. There are several reasons which we think support the action of the court in refusing to admit this evidence. Defendant's statement of his inability to meet the expense was merely an expression based upon his own opinion as to whether or not his financial condition would justify the expense. The assumption is that he would have been compelled to advance the money, although he might later recover it from the insurance company. These were all circumstances and conditions within the knowledge of the defendant; and the mere fact that he was insured against accident, if it had been admitted, would not in itself amount to an impeachment of the witness.

Again it was a matter for the determination of the defendant whether or not this testimony would be necessary to the proper defense of his case, and from the verdict it seems it was not necessary. In that event it was entirely within the option of the defendant whether or not he should incur the expense, either on his own account or on account of the insurance company, of taking the testimony of these witnesses. As stated by the court in the refusal of the requested instruction, the witnesses were available to both parties. They were merely eyewitnesses of the accident. They occupied no such confidential relation to the defendant as to in any way prohibit plaintiff from ascertaining their knowledge of the facts relating to the accident, and if detrimental to the defendant's case of using them as witnesses, either by bringing them into court or by producing their depositions.

On the whole there is nothing in this case to bring it within the exceptions stated by the courts which will admit the introduction of testimony showing that the defendant in an automobile accident is insured, and that any damage or expense assessed against him will be paid by the insurance company. The courts are very cautious in admitting testimony of this sort, and it is only in an extreme case where it becomes essential in meeting a decisive issue that such testimony will be admitted.

The judgment is affirmed, with costs.

HITZ and GRONER, Associate Judges, dissent.