### HAZELTINE v. JOHNSON et al. *
### No. 8445.

Circuit Court of Appeals, Ninth Circuit.
Nov. 11, 1937.

Kremer & Kremer, J. Bruce Kremer, Alf C. Kremer, and H. D. Carmichael, all of Butte, Mont., for appellant.

Dalton T. Pierson and George F. Higgins, both of Missoula, Mont., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellee, as guardian ad litem for his minor son, a boy of twelve, sued for damages for injuries sustained by the minor as a consequence of the claimed negligence of the appellant. The jury returned a verdict for appellee in the amount of $6,-000.

The incident out of which the suit arose took place in the daytime on a clear stretch

of oiled highway, in a district restricted as to the speed of motor vehicles. The boy was riding a bicycle in a northerly direction on the right shoulder of the road. The appellant, proceeding in an automobile in the same direction, is shown by appellee's evidence to have struck the bicycle with his right front fender, hurling the boy over the shoulder of the highway into the borrowpit.

The appellant assigns a number of errors in the giving and refusal of instructions and in the reception of evidence.

■■ 1. In his answer the appellant denied negligence and as an affirmative defense pleaded contributory negligence on the part of the minor. In his charge to the jury the trial judge quoted from an opinion of the Supreme Court (Baltimore & Potomac Railroad Co. v. Cumberland, 176 U.S. 232, at page 238, 20 S.Ct. 380, 382, 44 L.Ed. 447) to the effect that "The defense of contributory negligence is one which admits, or at least presupposes, negligence on the part of the defendant, and the party in fault thereby seeks to cast upon the plaintiff the consequence of his own failure to observe the precautions which the circumstances of the case demanded."

The appellant complains of this instruction as in effect advising the jury that negligence on his part was confessed.

By statute in Montana a defendant may set forth in his answer as many defenses as he has, and these may be inconsistent with each other. Section 9146, Revised Codes of Montana 1935. While the quoted portion of the instruction is correct as an abstract proposition of law, it is not to be approved as a proper charge in cases where a plea of contributory negligence is coupled with a denial of primary negligence. However, the trial court clearly and repeatedly charged the jury that in order to recover the plaintiff must prove that the defendant was negligent in one or more of the particulars alleged. Taking the instructions as a whole, we are satisfied that the jury were not misled or confused by the language complained of.

■ 2. The appellant requested several instructions on the subject of contributory negligence, and assigns as error the failure to give them. The instructions requested were given in substance, the court charging the jury that if they found appellee to have been negligent "in any one of the particulars as claimed by the defendant, and that such negligence was a proximate cause of the accident, such a finding would require a verdict in favor of the defendant, regardless of whether or not Johnson shall have proven by a preponderance of the evidence some one or more of the acts alleged to have been negligently done or omitted by the defendant."

■ 3. The jury were instructed that they might take into consideration "earnings, if any, which plaintiff may have lost because of the injury, from the date of the injury to the date of trial, and if you find that the injuries, if any, are permanent or will cause loss of earnings in the future, any loss to him by reason of the impairment, if any, of his capacity to earn money in the future. Also you may award him the amount of the reasonable value, if any, of hospital, medical and nurses' services, if any, incurred by the plaintiff by reason of the injuries he had received."

The complaint claimed as an item of damage expense alleged to have been incurred for medical services. Proof was introduced without objection of the receipt of medical and hospital bills in the amount of $69, but there was no direct evidence of the reasonableness of the bills rendered. No damage was expressly claimed for loss of time or earning power, and there was no proof in this respect beyond that implied from evidence that the boy had sustained a permanent and incurable injury.

The appellant objected to the quoted instructions on the ground that there was no evidence before the jury as to any earnings which the boy had at the time or of any loss of earnings which he may have suffered; and on the ground that there was no evidence as to the reasonable value of any hospital or medical services. On this appeal it is urged that the loss of earnings from the time of the accident until the minor child reaches the age of majority is an element of damage recoverable only by the parent. Likewise that the cost of medical and hospital services is an expense to be borne by the parent and is recoverable only in a separate action brought by him.

Our Rule 10, in conformity with established principles of law, requires that "the party excepting [to instructions] shall be required before the jury retires to state distinctly the several matters of law in such charge to which he excepts."

"The * * * essential function of an exception * * * is to direct the

mind of the trial judge to the point in which it is supposed that he has erred in law, so that he may [have opportunity to] reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated." Southern Pacific Co. v. Smith (C.C.A.9th) 83 F.(2d) 451, 453; Alaska Treadwell Gold Mining Co. v. Mugford (C.C.A.9th) 270 F. 753; Goldstein v. U. S. (C.C.A.9th) 73 F.(2d) 804. Since the appellant failed to call to the attention of the trial court the legal principles now contended for, these grounds of objection cannot be considered here.

■ It may be observed in passing that under the great weight of authority a parent who seeks as guardian ad litem of his minor child to recover for loss of time or earnings of the minor, or for medical services incurred on behalf of the latter, is variously held to have waived or relinquished to the minor his rights in this respect, or to have emancipated the minor, or to have estopped himself from thereafter recovering for these items in a suit in his own name. In the numerous cases so holding, recovery on these accounts has generally been permitted in the suit brought on behalf of the minor. For an exhaustive review of the authorities see note in 37 A. L.R. 64–78.

■ It is the general rule that in the absence of direct evidence of the loss of earnings resulting from injuries to or the death of those of tender years, the amount of recovery is left to the sound judgment and experience of the jury. Waters-Pierce Oil Co. v. Deselms, 212 U.S. 159, 181, 29 S.Ct. 270, 53 L.Ed. 453; Burns v. Eminger, 84 Mont. 397, 276 P. 437. The jury had before it the boy himself, together with evidence as to his age, his present and previous condition of health, and other factors upon which the estimate of witnesses concerning any impairment of his earning capacity would necessarily have to be based. The jurors were in as favorable a position as any witness would be to reach a conclusion on this subject.

The extent of the medical and clinical services furnished was shown in some detail. The bills for them, as indicated earlier in the opinion, were presented in the ordinary course and the jury were in position to say, in the light of their own experience, whether or not they were reasonable.

The instructions complained of were hypothetical and the jury were repeatedly told that their verdict must be based on the testimony. The appellant makes no contention that the amount of the verdict was excessive. We find nothing in the record to indicate that he suffered prejudice because of these instructions.

■ 4. The boy's mother, called as a witness, was asked by counsel for plaintiff what if any conversation she had with the defendant relative to the accident. She replied that the boy was in pain and was crying "and Mr. Hazeltine turned around and said, 'Sonny,' he said, 'never mind, it was all my fault, I had to hit you to keep from hitting the other car, but,' he said 'I'm insured—'"

The court ordered the reply of the witness to be stricken in so far as it related to the subject of insurance. The jury were at once admonished to disregard the statement and were summarily instructed that the question whether the defendant was or was not protected by liability insurance could have no possible bearing on the issues they were called upon to decide. The judge concluded his remarks by stating that "the question of insurance has no bearing on the case. You must not consider it in arriving at your verdict."

The appellant immediately asked for a mistrial, and now insists that the injection of the subject of insurance necessitates a reversal, notwithstanding the action and admonition of the court.

There are expressions in many cases tending to support the argument of counsel in this respect. On examination of these authorities it is found that they deal with aggravated circumstances, and the language used must be accepted with reservations. James Stewart & Co. v. Newby, 266 F. 287, 295 (C.C.A.4th), is a good example of these cases. It was there held that error in admitting testimony as to the carrying of liability insurance by the defendant was not cured by the subsequent exclusion of such testimony. The court said:

"The general rule is that, where inadmissible evidence has been received during a trial, the error is cured by its subsequent withdrawal, or by an instruction of the court to disregard it. Pennsylvania Co. v. Roy, 102 U.S. 451, 26 L.Ed. 141; Specht v. Howard, 16 Wall. 564, 21 L.Ed. 348; Union P. R. Co. v. Thomas, 152 F. [365]

371, 81 C.C.A. 491; Armour & Co. v. Kollmeyer, 161 F. 78, 88 C.C.A. 242, 16 L.R.A. (N.S.) 1114; Horsford v. Glass Co., 92 S. C. [236] 260, 75 S.E. 533. 'There is this exception to the rule. Where the evidence thus admitted is so impressive that in the opinion of the appellate court its effect is not removed from the minds of the jury by its subsequent withdrawal, or by the instruction of the court to disregard it, the judgment will be reversed.' Armour & Co. v. Kollmeyer, supra; Throckmorton v. Holt, 180 U.S. 552, 21 S.Ct. 474, 45 L.Ed. 663; Waldron v. Waldron, 156 U.S. .361, 15 S.Ct. 383, 39 L.Ed. 453; Horsford v. Glass Co., supra. * * *

"The only purpose for which such evidence is presented is to prejudice the jury, and the poison is of such character that, once being injected into the mind, it is difficult of eradication. Where it is allowed to remain during the whole course of a trial, and by persistent unrebuked references is allowed to influence the jurors' consideration of all the other evidence during the trial, the antidote of a final instruction to disregard the testimony is ineffective. The removal of the fly does not restore an appetite for the food into which it has fallen. The exclusion of the testimony should be prompt and decisive. * * * Not a few of our courts have gone to the extent of holding that a case should be withdrawn from the jury and a mistrial ordered for the mere asking of a question of the character under consideration, on the ground that the effect of it is so harmful that it cannot be removed by the instruction of the court, and that the conduct of counsel in such case is so culpable that he ought not to be permitted to enjoy the fruits of a verdict which might have been influenced by such question."

In the Newby- Case, although the evidence concerning insurance was ultimately stricken, the ruling was not promptly made. Counsel brought the matter before the jury almost at the beginning of the trial, and by repeated efforts persistently directed their attention to it, and it was not until the conclusion of the whole testimony that it was finally excluded.

In Brown v. Walter, 62 F.(2d) 798 (C. C.A.2d), cited by appellant, the trial court refused to exclude evidence concerning insurance, contenting himself with an admonition to the jury to hold itself impartial in spite of the fact that the defendant was shown to be insured. Because of persistent and repeated references to the subject and the attitude of the trial court toward it, the appellate court ordered a new trial.

In Brooke v. Croson, 61 App.D.C. 159, 58 F.(2d) 885, 887, the trial court did not exclude testimony that the defendant was insured, failed to caution the jury concerning it, and permitted its submission as evidence "to be considered by the jury along with the other evidence in the case." The judgment was reversed.

The expressions in these and other personal injury cases concerning the incurable nature of such references are to be read in the light of the particular circumstances involved. Here the testimony concerning insurance came in answer to a question which was in itself entirely proper. While the reply of the witness was not strictly responsive, appellant asks us to surmise that counsel knew in advance what the reply would be. The trial court, however, believed that the testimony was inadvertently brought out and that counsel for appellee was taken by surprise. The presiding judge was in a better position than we are to determine that. After all, our concern is not so much with the motives of counsel as it is with the influence of the testimony on the minds of the jury.

The action of the trial judge was prompt and decisive and the subject of insurance was not thereafter adverted to. There is nothing in the record to indicate that the jury were improperly influenced or that they failed to observe the peremptory admonition of the court. There was an impressive showing of want of due care on the part of appellant and the proof amply warrants the amount of the verdict. There is no occasion to order a reversal here on the unsupported assumption that the jury were by this passing reference rendered incapable of fairly considering the relevant facts or of reaching an impartial verdict. Compare Letcher . v. Skiver, 99 Okl. 269, 226 P. 1029; Vonault v. O'Rourke, 97 Mont. 92, 33 P.(2d) 535; Tanner v. Smith, 97 Mont. 229, 33 P.(2d) 547.

5. The appellant complains of the attitude of the trial court toward him throughout the entire proceeding, asserting that the prejudice of the judge hung over the trial "like the leaden hued atmosphere of the house of Usher, 'faintly discernible, but pestilent.'" The pestilent quality of the judicial atmosphere, if present at all,

is too faint to be discernible by us from a reading of the record.

We have considered all errors properly assigned and find none warranting a reversal.

Affirmed.