## HERTZ v. HUDSON MOTOR CAR CO. et al.

### Civ. A. No. 630.

District Court of the United States for the District of Columbia.

Jan. 7, 1939.

R. H. McNeill, of Washington, D. C., for plaintiff.

Hogan & Hartson, of Washington, D. C., for defendants.

COX, Associate Justice.

The complaint alleges negligence by the Hudson Company in manufacturing and assembling the parts of an automobile and by the Packard Company, the agent of the Hudson Company, in selling and delivering the automobile in a defective and dangerous condition, as a result of which a wheel collapsed and caused the death of plaintiff's wife.

The Insurance Company, as insurer of the Hudson Company "against damages by reason of negligence in the manufacture or sale of its said car", is joined as defendant for the sole reason that in the event of recovery by the plaintiff, the Hudson Company would have a cause of action against it. The Insurance Company moves to dismiss on the ground that no cause for relief is stated against it,—neither privity of contract between it and the plaintiff nor negligence on its part being alleged. To justify the joinder, plaintiff relies on Rule 18 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Ordinarily, not the plaintiff but the Hudson Company would determine whether and when it would sue the Insurance Company. The latter may be entirely willing to meet its obligation. No reason or necessity appears on the part of the plaintiff for suing it and to permit the joinder might prove prejudicial both to its interest and to the interest of the Hudson Company. To permit the plaintiff to show that the defendant is protected by liability insurance is held to be reversible error in the trial of a cause such as this. Capitol Construction Co. v. Holtzman, 27 App.D.C. 125; Brooke v. Croson, 61 App.D.C. 159, 58 F.2d 885; Culp v. Repper, 64 App.D.C. 337, 78 F.2d 221. Rule 18 is not understood to authorize a plaintiff to join as de-

**432**

fendant a party against whom he asserts no claim and by whom no claim can be asserted against him.

The motion of the Insurance Company to dismiss is sustained.