RADINSKY v. ELLIS et al.
No. 9608.

United States Court of Appeals
District of Columbia.

Argued Feb. 3, 1948.

Decided April 12, 1948.

Mr. Isadore H. Halpern, of Washington, D. C., for appellant.

Mr. Charles W. Arth, of Washington, D. C., with whom Mr. John H. Burnett, of Washington, D. C., was on the brief, for appellees.

Before STEPHENS, CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

This is a personal injury suit against the owner of an apartment house by a schoolboy who was hurt when he slipped and fell on an icy sidewalk in front of the building. Liability was principally predicated by the plaintiff on a violation of the District of Columbia snow removal law,[1] which requires one having charge or control of real estate abutting on a paved sidewalk to remove snow from it within the first eight hours of daylight after its fall, or to insure sure footing by scattering sand or ashes on the slippery surface.

At the conclusion of the opening statement to the jury made by counsel for the plaintiff, the trial justice directed a verdict for the defendant. The plaintiff thereupon became the appellant here.

Necessarily the plaintiff relied on the snow removal statute, for it is clear that the duty of removing snow from sidewalks is not imposed upon property owners by the common law. Sidewalks in the District of Columbia extend from the curb lines of the streets to the property lines of abutting lots. They are publicly owned, and are controlled exclusively by the municipal authorities of the District.[2] It is, therefore, primarily the duty of the local government to keep its sidewalks in a reasonably safe condition after a snowfall.[3]

---

[1] Title 7, §§ 801, 805, D.C.Code (1940), Sept. 16, 1922, 42 Stat. 845, 846, ch. 318, §§ 1, 5.

[2] Dotey v. District of Columbia, 25 App. D.C. 232, 235.

[3] McGuire v. District of Columbia, 24 App.D.C. 22, 65 L.R.A. 430.

■ Not having the charge of, or control over, any of the public ways, the owner or occupant of real estate owes no duty to pedestrians to clear, or to make safe for walking, ice and snow which has naturally accumulated on the sidewalk in front of it, unless a statute validly imposes that duty.[4]

■■ Does the snow removal law impose on property owners an obligation to pedestrians? We think not. This court said in the McGuire case, 24 App.D.C. 22, 28, 65 L.R.A. 430, "This class of legislation is undoubtedly an attempt on the part of the municipality to shift to the shoulders of individual citizens the burden which it is primarily incumbent on itself to bear, * * * ." We note also that § 805 of Title 7 in the District Code provides it shall be the duty of the District Commissioners to remove snow and ice from paved sidewalks when the owners of abutting property have failed to do so in response to the statutory admonition, in which event the District's corporation counsel is directed to sue the property owners for the expense of removal, plus a penalty.

Since the snow removal statute goes no further than we have indicated, manifestly it does not purport affirmatively to make a property owner liable to respond in damages to a pedestrian who is injured by falling on snow which the owner has not removed from the sidewalk. Enactments of this kind are generally regarded as legislative efforts to require abutting property owners to aid in the performance of a municipal duty.[5] It is held by the weight of authority that an individual does not have a cause of action against one who neglects to aid the municipality in meeting its obligations.[6] Since it seems to us to be based on sound principle, we adopt that holding.

■ In addition to the contention that an alleged violation of the snow removal act made the defendant liable to him, the plaintiff also stated to the jury, in his counsel's opening remarks, he expected to prove that defendant had public liability insurance which would protect him from personally paying any damages awarded to the plaintiff. Apparently he reasoned that the fact such insurance was carried demonstrated the existence of the liability asserted. In a case such as this, when the existence of insurance protection in favor of the defendant is shown to the jury, a mistrial should be declared forthwith.[7]

Affirmed.

---

4 Western Auto Supply Co. v. Phelan, 9 Cir., 104 F.2d 85.

5 Rees v. Cobbs & Mitchell Co., 131 Or. 665, 283 P. 1115; Western Auto Supply Co. v. Phelan, supra.

6 Grooms v. Union Guardian Trust Co., 309 Mich. 437, 15 N.W.2d 698; Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N.W. 534, 24 A.L.R. 382; Sewall v. Fox, 98 N.J.L. 819, 121 A. 669, 28 A.L.R. 1357.

In the discussion of the question in A. L.R. following the report of the Hanley case, supra, volume 24, at page 388, it is said: "This duty [of clearing snow from sidewalks] is primarily that of the municipality, which alone has power and control over its public streets, and it cannot be evaded, suspended, or cast on others by any act of its own. Accordingly, it is uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for neglect or failure to do so, does not relieve the municipality of this primary duty with respect to the safety of its public streets, and does not impose a civil liability on the lot owner in favor of a third person injured by reason of its violation."

7 Brooke v. Croson, 61 App.D.C. 159, 58 F.2d 885; Paxson v. Davis, 62 App. D.C. 146, 65 F.2d 492, certiorari denied 1933, 290 U.S. 643, 54 S.Ct. 61, 78 L.Ed. 558; Culp v. Repper, 64 App.D.C. 337, 78 F.2d 221.