## WASHINGTON, MARLBORO & ANNAPOLIS MOTOR LINES, Inc. v. MASKE.

### No. 10792.

United States Court of Appeals District of Columbia Circuit.

Argued March 6, 1951.

Decided May 17, 1951.

Frank F. Roberson, Washington, D. C., with whom George D. Horning, Jr., Washington, D. C., was on the brief, for appellant. Howard Boyd, Washington, D. C., also entered an appearance for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., with whom Alvin L. Newmyer and David G. Bress, Washington, D. C., were on the brief, for appellee. Maurice A. Guervitz, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's bus on which appellee was a passenger stopped suddenly and appellee suffered injuries for which she has recovered judgment.

The chief question of fact at the trial was whether the sudden stop was (1) unnecessary and negligent or (2) necessary to avoid collision with a taxicab that turned suddenly across the path of the bus. The bus driver, no longer employed by appellant, and disinterested witnesses testified to the effect that the bus was going at a moderate speed and a cab "cut in from the right in front of the bus", "pulled out from the curb and stopped right in front".

Appellee alone testified to the contrary. She said the bus was "traveling at a high rate of speed", "between 30 and 35 miles an hour". She said she did not see any reason for the bus to stop. On cross-examination she testified as follows: "Q. Mrs. Maske, did you see this car pull out in front of the bus that had stopped? A. No, sir, I did not. Q. You don't deny that that did not [sic] happen? A. No, sir, I don't. * * * Q. Were you looking in the same direction the bus was traveling? A. Yes, sir. Q. And you say there was no car there? A. I wouldn't state positively there wasn't any car there because I was hurt. Q. Did you look before the accident? A. But I didn't see a car there. I looked before the accident and I didn't see any. Q. Did you again look after the accident? A. I was hurt so badly that I didn't look, no, sir. Q. Were you looking at the time the bus came to the sudden stop, as you have characterized it? A. Yes, sir, I was. Q. And there was no car there then? A. No, sir." It was proved beyond reasonable doubt, although appellee denied, that she had told her doctor the "bus and an auto almost had a collision".

Though it may be more likely that one interested witness will overlook or forget something than that several disinterested witnesses will all imagine something, the jury in a particular case may not be unreasonable in believing the one and disbelieving the others. But in view of appellee's

relative uncertainty on the witness stand, and particularly in view of her previous contradictory statement to her doctor, we must conclude the verdict lacks substantial support. In the absence of a statute entitling injured passengers to compensation in such cases as this, we must hold that appellant's motion for a directed verdict should have been granted. We do not consider other alleged errors including the fact that appellee, through no fault of counsel and perhaps inadvertently, volunteered a vague reference to insurance. Cf. Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745.

Reversed.