**CAPITAL TRANSIT COMPANY, Inc.,
Appellant,**

v.

**Nettie E. FOSTER, Clure Eddie Foster,
Geneva Curry, Appellees.**

**No. 12562.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 29, 1955.

Decided May 26, 1955.

Petition for Rehearing In Banc Denied
June 16, 1955.

Mr. Frank F. Roberson, Washington, D. C., for appellant.

Mr. Benjamin F. Rossner, Washington, D. C., for appellees.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Capital Transit Company appeals from judgments based upon jury verdicts in favor of Nettie E. Foster and her mother, Geneva Curry, for personal injuries received when their automobile collided with a Capital Transit bus; and Clure Eddie Foster for loss of his wife's consortium. The judgments are attacked primarily on the ground that there was insufficient probative evidence to take the case to the jury. We find this attack without merit.

Mrs. Foster testified at the trial that she was driving in the right-hand lane of a highway, about one foot from the curb, when appellant's bus, traveling in the same direction, passed on her left. According to Mrs. Foster, the bus then swerved in front of her, pulled toward the curb, and stopped so abruptly that she was unable to avoid a collision. There was independent evidence, including that of two police investigators, which supported her testimony that the bus cut into her path. This evidence showed (1) that, at the moment of impact, the bus was at an angle pointing toward the curb, its front end about a foot away and its rear end about four feet away from the curb; and (2) that only the right rear end of the bus and the left front fender of the automobile were damaged in the collision.

The two police investigators also testified, however, that, when they saw Mrs. Foster "immediately" after the accident, she told them she did not remember anything about it. According to the officers,

she stated only that she had been following along after the bus at about 25 miles per hour. They asserted she made no claim that the bus swerved in front of her and abruptly came to a stop. Mrs. Foster denied that she had told them how the accident happened.

A 70 year old man, who had been waiting at the curb for the bus, testified that it stopped with its center doors opposite him. "Before you could say 2 good," the witness said, he walked to and reached the front of the bus for boarding. It was at that moment that the collision occurred. The driver of the bus stated that this man boarded the bus approximately three to five seconds after it had stopped.

Appellant says that all the probative evidence conclusively disproves Mrs. Foster's testimony that the bus stopped so abruptly that she had no opportunity to avoid hitting it.[1] It therefore contends that Mrs. Foster's testimony, including her denial of a prior contradictory version of the accident, is as "incredible" as that in Washington, Marlboro & Annapolis Motor Lines v. Maske.[2] There, where we reversed a plaintiff's verdict, the injured woman's testimony at the trial was contrary to that of disinterested witnesses who supported her prior contradictory statement. We held that "in view of [her] relative uncertainty on the witness stand, and particularly in view of her previous contradictory statement to her doctor, we must conclude the verdict [in her favor] lacks substantial support."[3]

This case is different. Here the testimony of Mrs. Foster is certain. Clearly it is not rendered incredible as a matter of law by the testimony of the 70 year old man. In further contrast to Maske, there is independent evidence, as we have pointed out, from which the jury could have found that the bus did cut across her path. As a result, the jury could properly have disregarded the bus driver's story that he was "traveling in the righthand lane over near the curb." This, in turn, may have affected the credibility of the rest of his testimony. Moreover, there was evidence from which the jury could have found that Mrs. Foster was unconscious or only semiconscious immediately after the accident. Hence, the jury could have rejected or attributed little weight to the evidence concerning her alleged statement made at that time.

In connecton with appellant's other contentions, we find no error affecting substantial rights.

Affirmed.

---

1. Appellant points out that the bus is 35 feet long; that a 70 year old man would take three to five seconds to walk half this length; that an automobile traveling 25 miles per hour covers approximately 37½ feet per second; and that Mrs. Foster therefore had at least 112.5 feet of clear space in front of her when the bus stopped.

2. 89 U.S.App.D.C. 36, 190 F.2d 621, certiorari denied 1951, 342 U.S. 834, 72 S. Ct. 56, 96 L.Ed. 631.

3. 89 U.S.App.D.C. at pages 36-37, 190 F.2d at pages 621-622.