**Lorena McCLAIN, Appellant,**

v.

**William COLLINS and Rosa L. Collins, Appellees.**

No. 1676.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 12, 1955.

Decided Oct. 14, 1955.

Eugene J. Schubert, Washington, D. C., for appellant.

Albert A. Stern, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff, Lorena McClain, sued defendants, appellees herein, claiming compensatory and punitive damages for an alleged assault. Plaintiff testified that as a result of the assault she was unable to work for a period of eight weeks, which caused her to lose $256 in wages. Her physician testified as to the nature of her injuries, the extent of his professional services, and said that his bill totaled approximately $150. However, he failed to produce at trial any records concerning his period of treatment or the number of visits necessitated by her injuries. Not only did the defendants deny the alleged assault but they testified that the plaintiff had actually caused the altercation by assaulting one of them. The jury returned an itemized verdict awarding plaintiff $64 for loss of wages and $75 for her physician's services. No question was raised as to the court's instructions to the jury nor did plaintiff make any objection or raise any question as to the itemized form of verdict when it was announced by the jury.

 It has been decided that when a jury attempts to interpolate something in a verdict about which the jury has no concern, such interpolated matter is mere surplusage and not fatal to a judgment based on that verdict. See Courembis v. Weinstein, D.C.Mun.App., 93 A.2d 89, and cases cited therein. In this case and in most cases where the court has been confronted with the problem of surplusage, it has been easily remedied by eliminating it when entering judgment.[1] This policy was followed by the court here, since it entered judgment simply for $139.

 A motion for a new trial was filed attacking the verdict as grossly inadequate. The motion was denied and we are therefore presented with the direct question of whether a new trial should have been granted plaintiff solely on the ground of inadequacy of the jury's verdict. The question thus raised is answered in Frasca v.

Howell, 87 U.S.App.D.C. 52, 182 F.2d 703, a case involving injuries sustained in an automobile collision, in which it was said:

"A motion for new trial is committed to the trial court's discretion. The record here reveals no abuse of that discretion in denying the motions in question; therefore, the court's disposition of them must stand. Although we may think the amounts awarded are small, they cannot be disturbed for that reason alone. It would be an unwarranted encroachment upon the province of the jury, as well as of the trial court."

 Our examination of the record fails to reflect an abuse of discretion in denying the motion for a new trial, and accordingly we order an affirmance.

Affirmed.

1. Pennsylvania R. Co. v. Logansport Loan & Trust Co., 7 Cir., 29 F.2d 1; Prudential Ins. Co. of America v. Faulkner, 10 Cir., 68 F.2d 676, 94 A.L.R. 1160.