**Arthur O. RANDALL, Jr., Appellant,**

v.

**UNITED SECURITIES CORPORATION,**
a corporation, Appellee.

**No. 2830.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 20, 1961.

Decided Dec. 29, 1961.

Josiah Lyman, Washington, D. C., for appellant.

A. Fred Freedman, Washington, D. C., with whom Joseph Luria and William R. Lichtenberg, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Judge.

Appellant Randall sued an automobile dealer (herein for convenience referred to as Kramer) charging fraud and misrepresentation in the sale of an automobile which he had later returned to the dealer. He demanded damages, cancellation of a note given for deferred purchase money, and rescission of contract. He joined as defendant United Securities Corporation, herein called finance company, which had acquired the note and contract from Kramer. He charged that the finance company was a party to Kramer's wrongful conduct in the transaction. The finance company denied the charge and by counterclaim demanded of plaintiff the deficiency balance due on the note and contract.

At the close of plaintiff's case the court granted a directed verdict in favor of the finance compay on plaintiff's claim against it. At the close of all the evidence the court directed a verdict in favor of the finance company on its counterclaim against plaintiff. Plaintiff's claim against the dealer, Kramer, was submitted to the jury, which returned a verdict in favor of plaintiff. That verdict was later set aside and is now awaiting retrial. The case is here on plaintiff's appeal from the two orders directing verdicts against him in favor of the finance company.

The first question is whether plaintiff made a prima facie case on his claim that the finance company was chargeable with the dealer's fraud and misrepresentation. Following is the complete recital in the record of plaintiff's evidence:

"Plaintiff Arthur O. Randall, Jr. testified at length about the various alleged acts of fraud and misrepresentation, breach of contract and breach of warranty of defendants Kramer-Tolson Motors, Inc. and Robert T. Kramer. He testified that he signed the note and conditional sales contract which is part of the record herein, and although there was some confusion in his testimony as to whether there were blanks in the contract when he signed it, he did state that the total amount had been filled in before he signed it. Plaintiff also testified that he made no payments on such contract to defendant although payments were due and

payable to defendant according to the terms of the conditional sales contract and note signed by plaintiff.

"Plaintiff Randall further testified that the automobile was repossessed by defendant and that he made no effort to contact them or to redeem the automobile."

In the quoted testimony there is not a word connecting the finance company with any misdeeds of the dealer. Appellant contends that there was a close association and a continued course of dealing between the dealer and the finance company, leading to an inference of conspiracy and bad faith; but there was no evidence to support such a charge. There was nothing to submit to the jury and the directed verdict was proper.

■■ The next question is whether it was proper, at the conclusion of all the evidence, to direct a verdict in favor of the finance company on its counterclaim for the balance allegedly due on the note. Because the ruling must be reversed on other grounds, we need not discuss the question of whether the burden of proving that it was a holder in due course had shifted to the holder and if so whether it had proved that it took the note in good faith and without notice of infirmities.[1] The substantive question aside, we rule it was improper to direct a verdict for the full amount of the counterclaim. It appeared that the finance company had repossessed the car in the hands of the dealer and then sold it to the dealer for $900. One of plaintiff's defenses to the counterclaim was that such was not the fair resale value of the car (which was sold to him only a few months earlier for $1,795). Testifying as an expert the dealer said $900 was the fair market value of the car at the time. That opinion, although uncontradicted, was not conclusive as a matter of law and not binding on the jury. See Sartor v. Arkansas Natural

Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 and cases there cited. The question of fair market value should have been submitted to the jury.

The order directing a verdict in favor of United Securities Corporation on plaintiff's claim is affirmed. The order directing a verdict in favor of United Securities Corporation on its counterclaim against plaintiff is reversed, and such counterclaim is to be retried along with plaintiff's case against the dealer.

Affirmed in part; reversed in part.

---

1. See our discussion of this subject in Bowles v. Marsh, D.C.Mun.App., 82 A.2d 135, 140.