John B. WISDOM, Appellant,

v.

Virgie M. ARMSTRONG, Appellee.

No. 3324.

District of Columbia Court of Appeals.

Argued Nov. 27, 1963.

Decided Dec. 20, 1963.

Earl H. Davis, Washington, D. C., for appellant.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E.

Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

In this automobile collision case defendant admitted liability and after a two-day trial on the question of damages a jury returned a verdict for plaintiff in the sum of $1,000. Plaintiff moved for a new trial on the ground that the verdict was inadequate and also on other grounds. The motion was denied and plaintiff has brought the case here for review.

■ We first consider the contention that the verdict should be set aside as inadequate. Plaintiff claimed a small amount for property damage, which was not in dispute. He also claimed pain and suffering resulting from a whiplash injury, aggravation of an existing arthritic condition, medical expenses, and reduction in earning power. Although admitting liability, defendant challenged all these items as not being attributable to the collision, and the trial was on these disputed claims. Appellant (plaintiff below) urges here that his evidence as to special damages entitled him to a larger verdict. But the evidence was of such nature and purport that the jury was not required to accept plaintiff's version that all his injuries stemmed from the collision or that his claims were reasonable in amount. The defense presented no medical evidence to contradict the testimony of plaintiff's physician. But it is well established that expert testimony, though uncontradicted, is not conclusive as a matter of law and not binding on a jury. Randall v. United Securities Corporation, D.C.Mun.App., 176 A. 2d 788.

■ On the question of inadequacy of the verdict we must hold that it was a jury function to decide how much of plaintiff's injuries was shown to have resulted from the collision and how much his compensation should be. The trial judge was not in error in refusing a new trial. Gritz v. Hot Shoppes, D.C.Mun.App., 117 A.2d 126; McClain v. Collins, D.C.Mun.App., 117 A.2d 125.

■ Another assignment of error charges that defense counsel improperly argued to the jury to the effect that defendant would personally have to pay the amount of any verdict rendered, implying that defendant was uninsured when such was contrary to fact. We are asked to hold that these remarks were inflammatory and prejudicial. A great deal was said back and forth by counsel for the parties, and these remarks and arguments need not be repeated here. Studying them in full context we are satisfied that the statements of defense counsel were not prejudicial. And we think it clear that the trial judge did not err in refusing to permit plaintiff to show that someone other than defendant, namely an insurance company, would pay the verdict in the case. See Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745; Culp v. Repper, 64 App.D.C. 337, 78 F.2d 221.

■ Appellant criticizes portions of the judge's instructions, in which he told the jury that their verdict "may be anything from one cent on up," and a bit later, "this may be nothing at all or it may mean a great—it may be a great deal." Viewed realistically the first statement was not incorrect; it amounted to an instruction that the jury might award nominal damages if they found that plaintiff failed to prove that his injuries and expenses were attributable to the collision. The second statement— that the verdict might be for notheing— was strictly speaking, incorrect in view of a small admitted item of property damage. But it was not prejudicial because in the same sentence the judge told the jury that they might award more than the $10,000 statutory limitation.[1] We not also that the

---

1. Such is true in cases certified from the United States District Court for the District of Columbia, as this one was. Code 1961, § 11–756.

trial judge offered to amend his charge so as to state the property damage as a minimum to be awarded, and that plaintiff's attorney asked him not to. This part of the charge cannot be held erroneous.

Plaintiff tendered an instruction dealing with the maximal limits of damage. It was granted in substance and the judge covered the subject correctly as stated above, under Code 1961, § 11–756. An instruction on the subject of permanent injuries was denied but the judge adequately covered the subject of injury and damage. The charge as a whole was fair, accurate and complete.

There is no merit in the claim that a memorandum to the plaintiff's physician from his secretary was improperly received in evidence.

Affirmed.