NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT L. EMERY, JR., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> OREGON DEPARTMENT OF CORRECTIONS, ODOC and Agency of the State of Oregon; A. EYNON, Grievance Coordinator at TRCI; H. ROSSI, Staff Member (TRCI); JOHN AND JANE DOES, Staff Members at TRCI; ERIN REYES, Superintendent of TRCI; Captain RUMSEY, Assistant Superintendent of Security at TRCI, <br><br> Defendants - Appellees. | No. 24-6602 <br><br> D.C. No. 2:22-cv-01977-MC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 15, 2025**

Before:    FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oregon state prisoner Robert L. Emery, Jr., appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action challenging the lighting conditions in his cell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Emery failed to raise a genuine dispute of material fact as to whether defendants subjected him to a sufficiently serious deprivation that denied him the minimal civilized measure of life's necessities and whether defendants were deliberately indifferent to a serious risk to Emery's health in connection with the lighting in his cell. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth elements of an Eighth Amendment conditions-of-confinement claim).

The district court did not abuse its discretion by denying Emery's motion for an extension of time to submit additional evidence in response to defendants' motion for summary judgment after briefing on the motion was complete because Emery failed to demonstrate good cause. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (setting forth standard of review and good cause requirement for extensions of time).

The district court did not abuse its discretion by denying Emery's motions to appoint counsel because Emery did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and "exceptional circumstances" requirement).

The district court did not abuse its discretion by denying Emery's motions to compel discovery because Emery failed to establish a basis for such relief. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a decision to deny a motion to compel discovery will not be disturbed without "actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009). We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 92 F.2d 870, 874 (9th Cir. 1990).

Emery's request to supplement the excerpts of record, set forth in Docket Entry No. 28, is denied.

**AFFIRMED.**