NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMIE EARL STEPHENS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> E. MONTEJO, Doctor; J. G. STUMPF; WELLS FARGO BANK, N.A.; R. SANDERS; RADING; AUSTIN; D. MATOLON; J. LEWIS, <br><br> Defendants - Appellees. | No. 24-2291 <br><br> D.C. No. 2:18-cv-01796-KJM-DB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

California state prisoner Jimmie Earl Stephens appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for Dr. Montejo because Stephens failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent in treating Stephens's prostatic condition. *See id.* at 1092 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference. Rather, to show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." (citation and internal quotation marks omitted)).

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 92 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**

2                                                                      24-2291