## HOAGLAND v. CHESTNUT FARMS DAIRY, Inc., et al.

### No. 6044.

United States Court of Appeals for the District of Columbia.

Argued March 6, 1934.

Decided July 23, 1934.

Thomas M. Baker, of Washington, D. C., for appellant.

Roger J. Whiteford, Frank H. Myers, and Norman B. Frost, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

## PER CURIAM.

An appeal from a judgment entered for defendants upon the verdict of a jury in a case for damages caused as alleged by the negligence of the defendants in the management and control of a horse-drawn wagon upon a public street.

The plaintiff below, now the appellant, alleged in substance in her declaration that on November 19, 1927, at about 3 o'clock in the morning the plaintiff and Reginald W. Hoagland, now her husband, were driving in an automobile eastward on Lanier Place N. W., which is a public street in the city of Washington, D. C.; that the automobile in which they were riding was being carefully and properly operated by Mr. Hoagland upon the proper side of the street; that at the same time a horse-drawn milk wagon belonging to the defendant Chestnut Farms Dairy, Inc., and in charge of its driver, had been left upon the opposite side of the street with the horse unattended and without being securely fastened, and with the wheels not secured so as to prevent its being dragged faster than a walk, in violation of section 16, article 13, Traffic and Motor Vehicle Regulations of the District of Columbia; that as the automobile approached on the proper side of the street the horse started into rapid motion toward it and turned directly in front of the car and reared backward with its forefeet descending upon the front part or hood of the machine; that Mr. Hoagland applied his brakes and suddenly stopped the car and disengaged it from the horse by reversing the gears and backing the car to the opposite side of the street; that the sudden stopping of the automobile caused by this collision threw plaintiff forward upon the instrument board of the car, thereby inflicting serious bruises upon her person, especially upon her abdomen, causing permanent injuries to her female organs from which she has not and cannot recover, for which she prays damages.

The defendants by plea denied all charges of negligence upon their part, and charged that the driver of the car in which plaintiff was riding was at the time under the influence of intoxicating liquor, and that he operated the car in a careless and reckless manner, thereby causing the accident.

Trial was had by the court and jury, and a verdict was returned in favor of defendants. A motion for a new trial was overruled by the court, and judgment entered upon the verdict. This appeal was then taken. The plaintiff preserved certain exceptions in the course of the trial and the record contains nine assignments of error which are now presented to this court. These will be considered in their order.

Appellant's first assignment of error relates to the refusal of the trial court to allow an examination of the jurors on their voir dire as to whether any of them were engaged in the insurance business. The record discloses that the plaintiff's counsel "requested

the court's permission to propound to the jury the question whether any of them were engaged in the insurance business; which permission was refused by the court over objection by plaintiff's counsel and an exception noted to the rule." We think this assignment does not show substantial error prejudicial to the cause of the plaintiff. The request addressed by counsel to the court is so general that the court in its discretion was justified in refusing it. Howgate v. United States, 7 App. D. C. 217. Moreover, it is not claimed by appellant that any member of the panel was or had been engaged in any way in the insurance business. Furthermore, the question is open to objection because it indirectly suggests to the jury that the case is actually being defended by an insurance company, and that the nominal defendants would not be affected by their verdict. Stewart v. Brune (C. C. A.) 179 F. 350; Capital Construction Co. v. Holtzman, 27 App. D. C. 125; Dixon v. Russell, 156 Wis. 161, 145 N. W. 761; Robinson v. F. W. Woolworth Company, 80 Mont. 431, 261 P. 253; Burrows v. Likes, 180 Mo. App. 447, 455, 166 S. W. 643; Miller v. Kooker, 208 Iowa, 687, 224 N. W. 46; Campbell v. Polk (Mo. App.) 297 S. W. 719; Adams v. Cline Ice Cream Co., 101 W. Va. 35, 131 S. E. 867; Annadall v. Union Cement & Lime Co., 42 Ind. App. 264, 84 N. E. 359.

■ The second assignment of error relates to the withdrawal by the court of a woman juror after the trial had begun. It appears that one of the twelve jurors had been excused by the court with the consent of counsel from further duty on the jury, and that the court had postponed the selection of another juror until the following day. At the commencement of the trial on the next day and out of hearing of the jury, counsel for the defendants called the attention of the court to the fact that the jury was composed of ten male jurors and one unmarried female juror, and that in view of the character of the testimony concerning the injuries to plaintiff it might be embarrassing for a lone and single woman to serve as a juror in the case, and that she ought to be excused. Thereupon the court announced its intention to withdraw the woman juror, to which plaintiff's counsel objected. The court then over the objection of plaintiff's counsel withdrew the woman juror and announced that it would either discharge the remaining ten jurors and obtain a new panel or the trial should proceed with the ten remaining jurors, and thereupon counsel for the respective parties agreeing thereto, the trial proceeded with the remaining ten jurors. It is, of course, very clear that the appellant having consented to proceed with the remaining ten male jurors cannot now complain.

■ The third assignment of error relates to evidence introduced by defendants in chief and also by cross-examination of plaintiff's witnesses tending to prove an abortion and miscarriage by the plaintiff. We find no sufficient grounds for this assignment. The plaintiff contended that the injuries sustained by her in the collision were the proximate cause of certain physical disabilities which were described by her and concerning which she introduced the testimony of physicians for the express purpose of showing that they were the direct result of the collision. It was competent for the defendants both in chief and upon cross-examination of plaintiff's witnesses to undertake to show that the injuries complained of were not caused by the collision, but were caused by other facts and circumstances. Coca-Cola Co. v. Moore (C. C. A.) 246 F. 942; DeWitt v. Skinner (C. C. A.) 232 F. 443, 445.

■ The fourth and fifth assignments likewise seem to be without merit. It is disclosed by the record that at the time of the accident the Chestnut Farms Dairy, Inc., was the owner of the milk wagon and the employer of its driver, and that it, if anybody, was liable for the damages sought by plaintiff. It was furthermore disclosed that the Chestnut Farms Dairy, Inc., had subsequently become consolidated or affiliated with the other three defendants named in the case, to wit, Brawner Dairy, Inc., National Dairy Products Corporation, and Chestnut Farms Dairy, Inc. At the trial there was no separate issue made between the plaintiff and the other three defendants, liability being charged directly against the principal defendant, and only by consequence against the other defendants. Following the verdict of the jury for the principal defendant the court dismissed the case as to the other three defendants. We can see no error in this action of the court.

■ In the sixth assignment of error appellant complains because a medical witness of the defendants, who had completed his testimony, was permitted to exhibit to the jury a page of his notebook tending to prove that plaintiff had told witness that she had had an abortion. We find no basis for this complaint. It appears that plaintiff's counsel requested that the medical witness should refer to his notes in the course of his examination. Counsel for defendants thereupon in

quired if the jury could see the heading at the top of the page of the notebook. The witness then handed the book to the jury to which exception was taken and the court ruled that the page of the book which the witness had read could be exhibited to the jury. In our opinion the plaintiff was not entitled to object to this.

█ The seventh assignment of error complains that the trial justice failed to instruct the jury as requested by plaintiff's attorney. No exception, however, appears in the record in relation to this assignment. It appears that after the court had charged the jury, the plaintiff's counsel said, "Your Honor failed to touch upon latent injuries which might have been aggravated by this blow," to which the court replied, "I did that." Plaintiff's counsel did not pursue the matter, and reserved no exception to the charge on this or any other ground. Furthermore, a reading of the charge discloses that the subject was properly covered therein by the court.

█ In the eighth assignment of error complaint is made concerning the court's language to the jury under the following circumstances: After the original submission of the case to the jury, and after they had deliberated for some time, they were brought back into court and in response to a question by the court the foreman stated that they had not been able to reach a verdict. Whereupon the court said to them that it appeared to the court that they should be able to agree upon a verdict and that they should listen to a discussion of the evidence to see if they could not reach a conclusion and dispose of the case, which had been expensive to the litigants and would involve further expense if it had to be retried. At the same time, the court said, "None of you should return a verdict against your conscientious views," and also, "I think if you can conscientiously get together you should do so." The jury was then returned to their room and came to an agreement which they recorded as their verdict. This procedure was not erroneous. In Allen v. United States, 164 U. S. 492, 501, 17 S. Ct. 154, 157, 41 L. Ed. 528, opinion by Mr. Justice Brown, it is said: "While, undoubtedly, the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself. It cannot be that each juror should go to the jury room with a blind determination that the verdict shall represent his opinion of the case at that moment, or that he should close his ears to the arguments of men who are equally honest and intelligent as himself. There was no error in these instructions."

Upon an examination of the ninth assignment of error we find simply a repetition of the preceding assignments presented by appellant.

We have examined the record of the case and find that the jury was properly selected; that the case was tried according to law; that the charge of the court was clear and correct; and that the verdict of the jury is supported by substantial evidence.

The judgment of the lower court is affirmed.

GRONER, Associate Justice, took no part in the decision of this case.