## JACOBS v. PENNSYLVANIA R. CO. (two cases).
### JACOBS et al. v. SAME.
### Nos. 6127–6129.

Circuit Court of Appeals, Third Circuit.
March 8, 1937.
Rehearing Denied June 18, 1937.

James R. Morford, and Marvel, Morford, Ward & Logan, all of Wilmington, Del., for appellants.

Clarence A. Southerland and Ward & Gray, all of Wilmington, Del., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and WELSH, District Judge.

BUFFINGTON, Circuit Judge.

These cases concern a collision between a backing railroad train and an automobile attempting to cross in front of it. No principle or precedent is involved, and the question is, Did the testimony constrain the trial court to grant the compulsory nonsuit it did?

From the proofs it appears the driver of the car was the servant of Jacob Jacobs, one of the plaintiffs. At the time of the accident he was under the direction of Mrs. Jacobs. Consequently, if the driver was guilty of negligence which caused the accident, such contributory negligence on his part is ascribed to both Mr. and Mrs. Jacobs, and she cannot recover for the injury to herself or for the death of her child, nor can her husband, for the same reason, recover in those particulars.

The case therefore narrows to the basic question whether the chauffeur was guilty of contributory negligence which brought about the accident.

The evidence is that he stopped before he reached the siding; that view down the track was prevented by several box cars standing on the siding and by shrubbery. Notwithstanding he could not see at this point, he proceeded toward the tracks. This distance was 40 feet. During that time he had an unobstructed view down the track for several hundred feet. It is quite evident that he either drove on to the crossing without looking down the track, or, if he looked down the track, he undertook to make a flying crossing ahead of the approaching train, which was so close that it struck the car on the crossing. Under these undisputed facts, it is clear he was guilty of negligence in attempting to cross the track and that his negligence was the cause of his death and this unfortunate accident.

So holding, the judgment below is affirmed.