**COLLIER v. YOUNG.**

No. 1290.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 26, 1953.

Decided Feb. 13, 1953.

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D. C., was on the brief, for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This action resulted from a collision between an automobile driven by defendant-appellant and a refuse truck of the District of Columbia. Trial was by jury and resulted in verdict and judgment for plaintiff. Defendant appeals.

There was evidence from which the jury could have found that plaintiff was riding on the left front fender of the refuse truck on a footrest which was specially installed on the fender for that purpose; that plaintiff was permitted to do this under the regulations of the Division of Sanitation; that both vehicles were going in the same direction on a one-way street; that the truck was at no time more than five feet from the left curb line; and that the collision occurred when defendant attempted to drive between the curbing and the left side of the truck, which was attempting to make a left turn into an alley.

1. We deal first with the contentions of defendant that plaintiff was guilty of contributory negligence and that the negligence of the truck driver operates as a bar to plaintiff's recovery. It is unnecessary to recite the evidence for defendant. It is sufficient to say that the testimony above outlined furnished ample support for the jury's verdict. We have recently reaffirmed the principle that on competent evidence which is conflicting or from which conflicting inferences may be drawn, the ultimate questions of negligence and contributory negligence are for the trier of the facts. Grant v. Williams, D.C. Mun.App., 94 A.2d 475.

We agree with appellant that the negligence of a driver will bar a recovery against a third party for injuries sustained by a passenger when the negligence of such

driver is the sole and proximate cause of the collision.[1] But this argument as sought to be here applied is based on the assumption that the driver of the truck in this case was alone negligent, and that his negligence was the proximate producing cause of the collision. But in view of the testimony we have narrated, such assumption cannot here be made as a matter of law; it is one of the matters precluded by the jury's verdict.

■ 2. After the jury had deliberated for an hour or so[2] they returned to the court room and their foreman made this announcement:

"The Foreman. Well, we did not reach a verdict either for the plaintiff or defendant due to the fact that most of us conceded to each other that there isn't enough evidence brought forth.

"The Court. Not enough evidence to reach a verdict one way or the other?

"The Foreman. That is right, sir, that is the conclusion we came to, your Honor.

"The Court. Well, do you think by further deliberations or further instructions or clarification of instructions that the Court has given that you might reach a verdict? I have in mind possibly releasing you to return tomorrow morning to continue your deliberations. If you think it would be possible to reach a verdict, why, I would be glad to instruct that you return tomorrow morning and continue your deliberations.

"The Foreman. If you say, still so instruct, your Honor, we will be glad to come back tomorrow and try again."

Whereupon counsel for defendant made "an oral motion for a finding for the defendant on the basis of this statement by the foreman." This motion was denied and the jury was directed to return on the following day. At that time the judge gave the jury the "Allen charge"[3] and certain further instructions; these, however, are not included in the record.

Defendant contends that the trial judge should have directed a verdict for him because of the statement of the jury foreman as recited above, and that he should not have compelled the jury to return for the purpose of "arriving at a forced verdict and another conclusion."

Defendant's argument is that the announcement of the foreman made it evident that the appellee had failed to sustain his burden of proof and that therefore the judge should have directed a verdict for defendant. But that is a patent non sequitur. The function of the judge was to determine whether there was enough evidence on which the jury could base a verdict for the plaintiff. That having been answered in the affirmative, the responsibility of deciding the facts (including the burden of proof) was passed on to the jury. The foreman's announcement, above quoted, was not the rendition of a verdict, and could not have been regarded as deciding anything. It was merely a statement that no verdict had been reached, and this statement the judge had a right to treat as merely tentative.

It was certainly within the discretion of the judge to permit the jury to deliberate further and give them proper instructions accordingly. Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224; Hoagland v. Chestnut Farms Dairy, 63 App.D.C. 357, 72 F.2d 729. There is nothing whatever in the record before us to suggest that coercion or pressure of any kind was exerted on the jury. See, in general, annotation, 109 A.L.R. 72.

Affirmed.

1. Vassey v. Standard Oil Co. of Kentucky, 5 Cir., 119 F.2d 589; Woods v. Gettelfinger, 5 Cir., 108 F.2d 549; or when the driver is under the control of the passenger, Jacobs v. Pennsylvania R. Co., 3 Cir., 90 F.2d 329.

2. We infer from the record that this was toward the end of the day.

3. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528.