James O. KNOX and George Carson,
Appellants,

v.

Joseph P. AKOWSKEY, Appellee.

No. 1651.

Municipal Court of Appeals for the
District of Columbia.

Submitted July 11, 1955.

Decided Aug. 16, 1955.

James C. Gregg and Reid C. Tait, Washington, D. C., for appellants.

William S. Stanley, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Defendants appeal from a judgment against them in an action for damage to a motor vehicle. A detailed statement of the evidence is unnecessary. Plaintiff's vehicle entered an uncontrolled intersection where it was struck on the right rear by a truck owned by defendant Carson and driven by defendant Knox.·

■ Defendants seek to escape liability on the ground that the collision was an unavoidable accident due to a sudden failure of the brakes on the truck. However, there was testimony that the truck driver stated immediately after the collision that he was on his way to have his brakes repaired. If the driver knowing the brakes were faulty persisted in driving, there is sufficient basis in the record to support a finding of negligence on his part. "An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care". 65 C.J.S., Negli-

gence, § 21 a(1). See also Rosasco v. Sowder, D.C.Mun.App., 31 A.2d 687.

■ Defendants also urge that contributory negligence on the part of plaintiff was clearly established. We cannot agree. The record shows that plaintiff came to a complete stop and looked in both directions before entering the intersection. The position of the vehicles after the collision coupled with the nineteen-foot skid marks made by defendants' truck could have convinced the trial court that plaintiff exercised due care and defendants' vehicle approached the intersection at an excessive speed.

■ Defendants further say that plaintiff's references to liability insurance carried by defendants may have prejudiced the trial court in arriving at its decision. Evidence that a defendant is protected by insurance is excluded "upon the ground that it will motivate a jury to be reckless in awarding damages regardless of a defendant's liability according to law." Lyons v. Liberty Nat. Bank, 67 App.D.C. 14, 17, 89 F.2d 486, 489. See also Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745. There was no jury in this case and it may be assumed that the trial court disregarded the references to insurance.

Defendants' claim that the trial court's award of $472.83 was excessive and without proper supporting evidence raises a more serious question. The record shows that plaintiff's vehicle was a 1949 Chevrolet station wagon, that it was struck at the right rear, that the damage to it had not been repaired, and that plaintiff continued to use it from the time of the collision until the date of trial, a period of about four months. Plaintiff offered no testimony as to difference in value before and after the collision, but offered expert testimony that the reasonable cost of repairing the damage would be $472.83, and of this amount more than $350 would be required for repairing the wood body which was rotted with age. On cross-examination plaintiff testified that he had bought the vehicle "a

few months" before the collision and had paid "about $400 for it." He further testified that after buying the vehicle he purchased new tires and spark plugs and "a few other items," but admitted that none of these items were damaged in the collision.

■ The basic rule for measure of damages for partial destruction of or injury to a chattel is the difference in value of the chattel immediately before and after the injury. An alternative measure is the reasonable cost of repairs necessary to restore it to its former condition. This court has on several occasions approved the use of this alternative measure. In Wright v. Capital Transit Co., D.C.Mun.App., 35 A. 2d 183, 184, we said: "Where damages to an automobile are such that they may reasonably be repaired, restoring the vehicle to substantially its condition prior to the injury, the measure of damages is the fair and reasonable cost of the necessary repairs." We were careful to say that reasonable cost of repairs may be used as the measure of damages where the damage "may reasonably be repaired." This we did because by great weight of authority cost of repairs may not be used as the measure of damages when such cost either exceeds the diminution in market value or exceeds the value of the chattel before the injury. Annotation, 169 A.L.R. 1100; 25 C.J.S., Damages, § 83 b.

■ In the usual case it is obvious that repairs may be reasonably made and proof of value before and after the injury is not required. But when it appears that the cost of repairs approaches and perhaps exceeds the value of the chattel prior to injury, there should be proof that the repairs may be reasonably made, i. e., that the cost thereof will neither exceed the diminution in value caused by the injury nor exceed the value prior to the injury.

■ In the present case plaintiff sought $472.83 to make repairs to a vehicle which he admitted he had purchased several months prior to the collision for about $400. He also admitted that the damage to his vehicle had not prevented him from continuing to use it. He proved the

reasonable cost of the proposed repairs, but he did not prove that such repairs were reasonable for the purpose of substantially restoring the vehicle to its condition prior to the injury. Under the circumstances of this case we think it was incumbent on plaintiff to prove that the cost of the proposed repairs would not exceed the difference in value of his vehicle before and after the collision.

Reversed and remanded for a new trial on the sole issue of the amount of damages.