SHANNON, Judge.
The appellant was the defendant below and is appealing two separate verdicts against it in favor of plaintiffs Frona Mae Boone and Helen Goff Brown. After the verdicts, there were motions for new trial or for judgment filed by the defendant and denied by the. court below. Separate appeals, consolidated by stipulation, were then taken. These cases have been before our Supreme Court on two occasions. Goff v. Atlantic Coast Line R. Co., Fla.1951, 53 So. 2d 777; and Atlantic Coast Line Railroad Company v. Boone, Fla.1956, 85 So.2d 834.
In the present case the trial court in its order on the defendant’s motions said in part:
*636 “This cause came on for hearing on Defendant’s motion to set aside verdict and for judgment or alternative motion for new trial. The Court heard argument of counsel and was fully advised. This case has been before the Supreme Court of Florida on two separate occasions and on each occasion the Supreme Court held in effect that a proper jury question was presented. The testimony in this trial was substantially the same as that on the former trial and I therefore submitted the matter to a Jury as the Supreme Court decision directed. The Jury found for the Plaintiff and in view of the Supreme Court’s decision the Defendant’s motion is hereby denied. * * * ”
The appellant has raised the following points:
“1. That the Railroad was entitled to a directed verdict on showing that the driver of the automobile was guilty of concurring negligence, if not sole negligence, and had obtained a full and complete release as a joint tort-feasor.
“2. That verdict was the result of sympathy and prejudice as evidenced by the Jury’s return for additional instructions, statement by them to the effect that they did not have sufficient facts to enter a just verdict and their recommendation upon entering verdict that two-thirds of the Boone verdict be placed in trust for the children, who were not parties to the action.
“3. That the Court erred in giving certain charges requested by plaintiffs over objection of defendant Railroad as set forth in Assignments of Errors 3 and 4.”
A recital of the facts is contained in the opinion of Atlantic Coast Line Railroad Company v. Boone, supra.
In its first point, the defendant takes the position that it was entitled to a directed verdict. It has alleged that the driver of the automobile was guilty of concurring negligence, if not sole negligence, and obtained a full and complete release from plaintiff as a joint tort-feasor. In view of the fact that our Supreme Court has already held in Atlantic Coast Line Railroad Company v. Boone, supra, that the instrument in question was a release and not a covenant not to sue, this is the law of the case. But the question of whether the driver of the automobile was guilty of concurring negligence or of sole negligence was, as announced by our Supreme Court, a jury question, and the jury having answered this question and the trial court having overruled the defendant’s motions, the defendant would not be entitled to a verdict in its favor unless there was insufficient evidence in the record to justify such a verdict.
It is only necessary that we quote from the opinion in Atlantic Coast Line Railroad Company v. Boone, supra [85 So.2d 840]:
“We return to the consideration of the merits of the appeal perfected by appellants Boone and Goff attacking the order of the trial judge granting the motion for new trial. We have examined the testimony, the exhibits and evidentiary facts revealed by the record and we cannot conclude that the record justifies the conclusion as a matter of law that either the train crew or Bartulevy, the driver of the automobile, was guilty of such negligence as to constitute the sole proximate cause of the injury and damage or that they were joint tort-feasors as a matter of law. * * *
“On the appeal by Goff and Boone the order granting the motion for a new trial is affirmed, subject to our conclusions with reference to the findings of the trial judge on the matter of the alleged joint tort-feasorship of the Railroad and Bartulevy. The cases will have to be re-tried on the issues of negligence and damages in accord- *637 anee with the rules announced by this opinion.” (Last emphasis added).
Substantially the same testimony was in the present case as was in the cited case, and our Supreme Court having announced that this was a jury question, their verdict will not be disturbed.
In considering defendant’s second question, we cannot say that the jury’s verdict was a result of sympathy and prejudice. The jury reported back on one occasion that “we have not been given sufficient substantial evidence upon which to base a just verdict at all”, but after further deliberation they returned the verdict appealed from and another juror stated that “we should like to make a recommendation that it be ordered that one third of the sum be allotted to Mrs. Boone and the other two thirds held in trust for her children.” The verdict itself was in proper order.
We are here concerned with the statement that there was insufficient evidence to reach a verdict. That this question has come up on many occasions is within the common knowledge of every trial attorney. It will suffice to cite one case, Collier v. Young, D.C.Mun.App.1953, 94 A.2d 645, 646, in which the jury returned to the courtroom and the following took place:
“The Foreman. Well, we did not reach a verdict either for the plaintiff or defendant due to the fact that most of us conceded to each other that there isn’t enough evidence brought forth.
“The Court. Not enough evidence to reach a verdict one way or the other?
“The Foreman. That is right, sir, that is the conclusion we came to, your Honor.
“The Court. Well, do you think by further deliberations or further instructions or clarification of instructions that the Court has given that you might reach a verdict? I have in mind possibly releasing you to return tomorrow morning to continue your deliberations. If you think it would be possible to reach a verdict, why, I would be glad to * * * and continue your deliberations.
“The Foreman. If you say, still so instruct, your Honor, we will be glad to come back tomorrow and try again.”
Notwithstanding a motion on behalf of defendant’s attorney that the court find for his client, the jury did come back and returned a verdict against defendant. In passing on the question of whether or not the trial judge should have directed a verdict for defendant, the Appeals Court said:
“ * * * The foreman’s announcement, above quoted, was not the rendition of a verdict, and could not have been regarded as deciding anything. It was merely a statement that no-verdict had been reached, and this statement the judge had a right to treat as merely tentative.
“It was certainly within the discretion of the judge to permit the jury to deliberate further and give them proper instructions accordingly. Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S.App.D.C. 192, 126 F.2d 224; Hoagland v. Chestnut Farms Dairy, 63 App.D.C. 357, 72 F.2d 729. There is nothing whatever in the record before us to suggest that coercion or pressure of any kind was exerted on-the jury. * * * ”
Regardless of what the jury may have reported during its deliberations, by its verdict the earlier report that there was insufficient evidence to reach a verdict could only be classified as tentative, and in the absence of anything in the record to show that there was pressure or coercion exercised toward the jury, their verdict should stand.
The defendant has also, in its brief and argument before this Court, taken an ex *638 ception to certain instructions given by the trial court. From studying the record, the charges given, and the briefs of the parties, we fail to see any error in the charges as required by the particular circumstances of this case.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.