240 A.2d 659 (1968)
Frederick D. PARKS, Appellant,
v.
Caroline RATCLIFF and John S. Ratcliff, Appellees.
No. 4103.
District of Columbia Court of Appeals.
Argued December 18, 1967.
Decided April 16, 1968.
*660 Joel Savits, Washington, D. C., for appellant.
Rutherford Day, McClean, Va., for appellees.
Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.
HOOD, Chief Judge:
Appellees, plaintiffs below, brought an action for damages for personal injuries resulting from the alleged negligent driving of an automobile owned and operated by appellant. At trial the court permitted counsel for each party to examine the prospective jury during voir dire.[1] The sole question raised on appeal is whether the trial court abused its discretion by allowing the appellees' counsel to ask "whether or not any member of the prospective jury panel was a stockholder in a casualty insurance company."
The Constitution guarantees the right to an impartial jury in both civil and criminal cases. Kiernan v. Van Schaik, 347 F.2d 775, 778 (3rd Cir. 1965). Although a party is not entitled to select a jury to his liking,[2] the examination of prospective jurors should be broad enough to afford counsel an opportunity to discover whether bias or prejudice exists against his client, and to insure that the jury is impartial. As this court has stated on a prior occasion: "Full knowledge of all relevant and material matters that might bear on possible disqualification of a juror is essential to a fair and intelligent exercise of the right of counsel to challenge either for cause or peremptorily." Marvins Credit, Inc. v. Steward, D.C.Mun.App., 133 A.2d 473 476 (1957). However, appellees' right to an impartial jury must be balanced against appellant's right to a fair trial. It has long been recognized that the unnecessary injection at trial of the fact that defendant is insured could be prejudicial because it may "motivate a jury to be reckless in awarding damages regardless of a defendant's liability according to law."[3]
This jurisdiction follows the general rule that in a negligence action evidence that defendant is protected by liability insurance for his negligence is ordinarily inadmissible and will be the basis of a mistrial, Radinsky v. Ellis, 83 U.S.App.D.C. 172, 167 F.2d 745 (1948); and "only in an extreme case where it becomes essential in meeting a decisive issue * * * [will] such testimony * * * be admitted." Culp v. Repper, 64 App.D.C. 337, 339, 78 F.2d 221, 223 (1935). However, a majority of jurisdictions have sustained the right of the plaintiff's counsel in a negligence case, when acting in good faith, to examine prospective jurors with respect to their connection with an indemnity insurance company. Many cases on the subject may be found in Annot., 4 A.L.R.2d 761, 792, where it is stated, at 793, that "it may safely be said that the following rule has been evolved: that, provided counsel acts in good faith, he may, in one form or another, question prospective jurors on the voir dire respecting their interest in, or connection with, liability insurance companies."[4]
*661 The only case in the District of Columbia which deals with the question raised here is Hoagland v. Chestnut Farms Dairy, Inc., 63 App.D.C. 357, 72 F.2d 729 (1934). Hoagland upheld the trial court's refusal to permit plaintiff's counsel to examine the prospective jurors as to "whether any of them were engaged in the insurance business." The court went on to say:
it is not claimed by appellant that any member of the panel was or had been engaged in any way in the insurance business. Furthermore, the question is open to objection because it indirectly suggests to the jury that the case is actually being defended by an insurance company, and that the nominal defendants would not be affected by their verdict. Id. 63 App. D.C. at 359, 72 F.2d at 731.
We do not believe Hoagland is dispositive of the question here presented. Hoagland was decided more than thirty years ago. Today many more people own automobiles and many more owners of automobiles carry liability insurance. This is a matter of common knowledge. We think it may fairly be assumed that the average juror in an automobile negligence case suspects that the defendant has liability insurance and that the case in fact is being defended by an insurance company. At any rate, we feel that the time has come when the mere mention of insurance in a negligence case ought not ipso facto require a mistrial. Much must be left to the discretion of the trial judge who has a far better grasp and feel of the case than does an appellate court and is much better qualified to measure the inflammatory effect or lack of such effect, on a jury by reference to insurance.[5]
The scope of the examination during voir dire is ordinarily within the sound discretion of the trial judge, and exercise of that discretion will not constitute reversible error unless there is a showing of clear abuse or harmful prejudice. In the present case, appellees' counsel had knowledge that appellant was insured, counsel asked the disputed voir dire question only once, and after there was no affirmative response to the question there were no further questions or statements relating to insurance. We cannot say that the question was not asked in good faith, or that there is a showing of an abuse of the trial court's discretion. In addition, appellant has not shown that he was prejudiced by the question. Appellee Caroline Ratcliff showed special damages of $1,023.40 and obtained a jury verdict in the sum of $3,500. Her husband was awarded $100 for stipulated property damage and $50 for loss of his wife's consortium. The jury's verdict does not appear excessive or influenced by the reference to insurance. We hold there is no showing that the trial court abused its discretion.
In conclusion, we add that our decision is not to be taken as approving or permitting indiscriminate reference to insurance during the course of a trial. Our ruling is that the trial court in its discretion may permit inquiry on the voir dire concerning the prospective juror's interest in or connection with liability insurance companies. We suggest that the trial court require that any such question be first submitted to it for approval before it is put to the jurors, and that, if such question is permitted the court shall, if requested by opposing counsel, instruct the jurors that the question of either party's insurance, or lack of insurance, has no bearing on the issues to be tried.
Affirmed.
NOTES
[1] Civil Rule 47(a) of the trial court.
[2] See Goodman, J.The New Spirit in Federal Court Procedure, 7 F.R.D. 449, 451 (1947).
[3] Lyons v. Liberty Nat. Bank, 67 App.D.C. 14, 17, 89 F.2d 486, 489 (1937).
[4] For some recent cases on the subject see Kiernan v. Van Schaik, 347 F.2d 775, 780 (3rd Cir. 1965); Conlon v. Roeder, 418 S.W.2d 152 (Mo.1967); Lamaak v. Brown, 147 N.W.2d 915 (Iowa 1967). Contra, Langley v. Turner's Express, Inc., 375 F.2d 296 (4th Cir. 1967).
[5] "The time when the mere mention of insurance before a jury in the trial of a negligence case automatically called for a mistrial has long since passed." Bryar v. Wilson, 152 Conn. 162, 204 A.2d 831, 832 (1964).