Nell K. SMITH, Appellant,

v.

Earl BROOKS and Nathaniel Mitchell, Appellees.

No. 8885.

District of Columbia Court of Appeals.

Submitted March 27, 1975.

Decided May 7, 1975.

**494**

Thomas J. Barger, Jr., law student counsel, and John E. Scheuermann, Washington, D. C., were on the brief for appellant.

No appearance was entered for appellees.

Before NEBEKER and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

An automobile owned by appellee Brooks and operated by appellee Mitchell was in a collision with an automobile owned and operated by appellant Smith. Brooks and Mitchell sued Smith for the damage to Brooks' car, and Smith counterclaimed for the damage to her car. The trial court awarded judgment to Brooks and Mitchell,[1] and we granted Smith's application for allowance of an appeal.[2]

The single question raised on appeal relates to the amount of damages awarded appellees. The evidence as to damages was that the car, a 1966 Chevelle, was damaged from its left front fender down the left side to the left rear fender, and the estimated cost of repairs was $700.01. At the time of the collision (December 1973), the car was in "tip-top shape" with no mechanical problems, and its value, according to the National Automobile Dealers Association Official Used Car Guide, was $525.00. There was no evidence that the car had been repaired or that it was not usable in its damaged condition.[3]

Finding that "the value of the 1966 Chevelle was in excess of the amount listed in the N.A.D.A. Official Used Car Guide," the trial court awarded appellees judgment for $700.01.

In this jurisdiction, and generally elsewhere, the basic rule for measure of damages for injury to personal property is the difference in value of the property immediately before and after the injury. An alternative measure is the reasonable cost of repairs to restore the damaged property to its former condition. "But when it appears that the cost of repairs approaches and perhaps exceeds the value of the chattel prior to injury, there should be proof that the repairs may be reasonably made, i. e., that the cost thereof will neither exceed the diminution in value caused by the injury nor exceed the value prior to injury." Knox v. Akowskey, D.C.Mun.App., 116 A. 2d 406, 408 (1955).

Here the only evidence of the value of the car prior to injury was the Used Car Guide value of $525.00. The trial court's basis for finding that the value exceeded that amount is not readily apparent, but it is evident that the cost of repairs ($700.00) approached and perhaps exceeded the value of the car prior to injury. Consequently, it was necessary, under the rule above stated, to prove that the cost of repairs neither exceeded the diminution in value caused by the injury nor the value of the car prior to injury.

Reversed with instructions to grant a new trial limited to the issue of the amount of damages.

---

1. There is no explanation in the record of why Mitchell, the operator of Brooks' car, was joined as plaintiff with Brooks or why the judgment was awarded to them jointly. The only claim was for damage to Brooks' car.

2. D.C.Code 1973, § 17–301.

3. Appellant's brief improperly recites much testimony and evidence allegedly received at trial, but which is not in the record on appeal. We are bound by the record and cannot consider matters of fact stated in a brief but unsupported by the record.