**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leslie Marion PHILLIPS,
Defendant-Appellant.**

**No. 78–5221.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1978.
Decided May 24, 1979.

William H. Fortune, Lexington, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., James E. Arehart, John A. West, Asst. U. S. Attys., Lexington, Ky., for plaintiff-appellee.

Before MERRITT, Circuit Judge, PHILLIPS, Senior Circuit Judge, and LAWRENCE,* District Judge.

MERRITT, Circuit Judge.

The defendant appeals his conviction for bank robbery in violation of 18 U.S.C. § 2113(a)(d) (1976). He claims the District Court erroneously allowed an unindicted accomplice to testify that defendant participated in other bank robberies. He argues: (1) that the only purpose of such testimony was to demonstrate criminal disposition and that the testimony was, therefore, inadmissible under Rule 404(b) of the Federal Rules of Evidence; and (2) that the district court's failure to caution the jury concerning the limited purposes for which it could consider evidence of other crimes, if admissible, requires reversal of his conviction.

We agree with his first argument and reverse.

## I.

In September of 1976, the defendant was convicted for the armed robbery of a branch of the Newport National Bank in Newport, Kentucky. Three individuals robbed the bank. Bank employees identified Wood and Edwards as two of the three robbers but could not positively identify the defendant as the third. One employee of the bank testified that defendant bore some resemblance to the third robber; another testified that Phillips did not resemble the third robber. A police officer, who interrupted the robbery and chased two of the robbers down the street, made a positive courtroom identification of defendant as one of the men he pursued, although he had previously failed to positively identify defendant in a photospread. One of Edwards' neighbors testified that the defendant was in the company of Edwards and Wood a few days before the robbery of the bank.

Defendant's argument on appeal relates to the accomplice testimony of Wood, the defendant's nephew, and the last government witness. Wood testified that he, Edwards and defendant had planned and executed the robbery of the bank. On direct examination, Wood also revealed he had robbed several other banks within the past year and had agreed "to tell the truth on all the banks" in exchange for the government's agreement to prosecute him only for robbery of one New Orleans bank.

On cross examination, defense counsel, attempting to demonstrate that Wood had a motive to falsely implicate defendant, elicited testimony that Wood knew he had to provide the name of a third robber to satisfy the government, and that Wood believed defendant had cheated him in personal dealings and had not done enough to get him out of jail. On redirect examination, government counsel asked the court's permission for Wood to testify that defendant

* The Honorable Alexander A. Lawrence, Judge of the United States District Court for the Southern District of Georgia, sitting by designation.

was involved in three other robberies to which Wood had confessed. According to the government, such testimony would show defendant's "motive, plan, or intent" and would also rebut the inference that Wood had a motive to falsely implicate defendant. Defense counsel objected. The district court admitted the testimony and offered to give a limiting instruction to the jury as requested by defense counsel. Wood then testified that defendant recently participated in the three other bank robberies. Wood remembered that one bank was in Mississippi; he could not recall the name of this bank, the town in which it was located or the date of the robbery; he said that defendant had helped plan, but did not take part in, the robbery of two New Orleans banks but he did not explain the details.

The defendant did not testify. Defense counsel failed to remind the court of its promise to give a limiting instruction and the court failed to give a standard instruction limiting the jury's consideration of the other crimes evidence. The jury returned a verdict of guilty of armed bank robbery and Phillips was sentenced to twenty-five years.

## II.

Rule 404(b) is an exception to the broad principle of admitting "all relevant evidence." [1] Based on the premise that evidence of other crimes or wrongs of the accused could so prejudice a jury that a fair verdict might be impossible, Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may,

however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Two concerns are expressed by the first sentence of Rule 404(b): (1) that the jury may convict a "bad man" who deserves to be punished—not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and (2) that the jury will infer that because the accused committed other crimes, he probably committed the crime charged.[2] The Rule recognizes circumstances where the probative value of the extrinsic bad acts may outweigh the possibility of prejudice. The draftsmen narrowed the scope of the Rule by listing "exceptions" to the Rule's general exclusion of evidence of other crimes or wrongs, although the list does not purport to be exhaustive.

■ The only disputed issue in this case was the identity of the third bank robber. For the purpose of showing "intent and plan," the district judge admitted testimony connecting the defendant with several bank robberies other than the robbery for which he was on trial. Something more than repeated performance of the same class of crimes is required in evidencing a "design" or "plan" which, if proved, may raise the inference that the accused was the perpetrator of the crime in question. Professor McCormick observes there must either be an agreement to commit a series of crimes, a "plan," or there must be a distinctive pattern—"[t]he device used must be so unusual and distinctive as to be like a signature." [3] Here there was only general testi-

1. Fed.R.Evid. 402.

2. For a full discussion of the history and development of the common law rule on the admissibility of evidence of other crimes, see Slough & Knightly, *Other Vices, Other Crimes*, 41 Iowa L.Rev. 325 (1956); Stone, *The Rule of Exclusion of Similar Fact Evidence: America*, 51 Harv.L.Rev. 988 (1938). *See also* Payne, *The Law Whose Life is not Logic: Evidence of Other Crimes in Criminal Cases*, 3 U. Richmond L.Rev. 62 (1968); Comment, *Rule 404(b) Other Crimes Evidence: The Need for a Two-Step Analysis*, 71 Nw. U.L.Rev. 634 (1976); Comment, *Other Crimes Evidence at Trial: Of Balancing and Other Matters*, 70 Yale L.J. 763 (1961).

3. McCormick, Evidence § 157 at 328 (1954). See 2 Weinstein ¶ 404[09] (1979); 2 Wigmore § 304 (3d ed. 1940).

mony that defendant had committed other bank robberies—no common plan or distinctive pattern, no "signature," not even a similarity.

The fact that a criminal defendant previously participated in a series of the same crimes with a particular confederate may, in some instances, raise a fair inference identifying the defendant as the confederate's unknown partner. If Bonnie and Clyde have robbed 20 banks, it is fair to infer that the unknown woman with Clyde at the 21st bank robbery was Bonnie. Here, however, there is nothing distinctive about the unknown partner or the manner of robbing banks. The parties varied in the other robberies, and Wood could have enlisted someone else in this robbery. The testimony about other bank robberies mainly proves defendant's predisposition to commit such crimes, a purpose forbidden by the rule. Under the facts of this case, we do not find a "necessariness of association"[4] between the people or the charged and the uncharged bank robberies required to infer a distinctive pattern for Phillips and Wood to rob banks together from which, in turn, it might be inferred that defendant was the unidentified third robber.

Neither does the testimony rebut the inference that Wood had a motive to accuse the defendant falsely. The challenged testimony is not logically relevant to this line of questioning.[5] Wood's testimony implicating Phillips in bank robberies other than the robbery for which Phillips was on trial was apparently offered as an attempt to "rehabilitate" Wood after his motive for testifying had been attacked. Questions on redirect designed to rehabilitate a witness by showing that the defendant had a general readiness or propensity to rob banks are just as objectionable under Rule 404(b) as such questions on direct.

There was no justifiable evidentiary purpose served by general testimony about defendant's alleged involvement in other bank robberies, and we cannot say that its admission was harmless error within the meaning of Federal Rule of Criminal Procedure 52(a).[6] We need not decide whether a limiting instruction would render the error harmless for here, as in *United States v. Yopp*,[7] a similar admonition concerning other crimes evidence was "sought, promised but not delivered."[8] We found there that the omission was error requiring reversal of defendant's conviction even though the challenged evidence was admissible. Here the evidence was inadmissible and there was no limiting instruction which might reduce its prejudicial effect.

Accordingly, the judgment of the District Court is reversed and the case is remanded for a new trial.

4. 2 Wigmore, Evidence § 411 at 385 (3d ed. 1940) ("In the process of identification of two supposed objects by a common mark, the force of the inference depends on the degree of the necessariness of association of that mark with a single object.")

5. *Cf. United States v. Jacobson*, 578 F.2d 863 (10th Cir. 1978), *cert. denied*, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978); *United States v. Holladay*, 566 F.2d 1018 (5th Cir. 1978, cert. denied, 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978).

6. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." *See* Fed.R.Evid. 103(a).

7. 577 F.2d 362 (6th Cir. 1978).

8. *Id.* at 366.