**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Emerson EZZELL,
Defendant-Appellant.**

**No. 80–1216.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1981.

Decided May 11, 1981.

L. Steve Edmondson, Tacoma, Wash., for defendant-appellant.

Jerald Olson, Asst. U. S. Atty., Tacoma, Wash., for plaintiff-appellee.

Before KENNEDY and BOOCHEVER, Circuit Judges, and REED,* District Judge.

EDWARD C. REED, Jr., District Judge:

Appellant appeals from his judgment of conviction, upon a jury verdict of guilty, for robbing a branch of the Tacoma Savings and Loan Association by force, violence and intimidation in violation of 18 U.S.C. § 2113(a).

■ The first issue raised is whether the Government proved that said Association was a "savings and loan association" within the intendment of the statute. Evidence had to establish that it was an "insured institution", as defined in 12 U.S.C. § 1724. See 18 U.S.C. § 2113(g). To be such an institution, the Association's accounts must be insured by the Federal Savings and Loan Insurance Corporation (FSLIC). 12 U.S.C. § 1724(c).

An officer of the Association testified that it was insured by FSLIC at the time of the robbery. Further a copy of the Association's Certificate of Insurance, from FSLIC, was admitted into evidence. Appellant contends that the fact the Association was insured doesn't prove that its accounts also were insured. A similar argument was rejected in United States v. Ballard, 418 F.2d 325 (9th Cir. 1969); see also United States v. Phillips, 606 F.2d 884 (9th Cir. 1979).

■ Four days before the robbery of Tacoma Savings, Appellant escaped from a U. S. Public Health Service hospital, where he

* Honorable Edward C. Reed, Jr., United States District Judge, District of Nevada, sitting by designation.

had been under guard. In a pre-trial order, the trial court ruled that it would not allow evidence of the escape to be presented to the jury. Nevertheless, one of the guards from the hospital, when asked whether he had seen Appellant four days before the robbery, testified: "Yes, I was sitting with him at the U. S. Public Health Hospital, guarding him."

Upon Appellant's objection, the jury immediately was sent to lunch. A motion for mistrial then was made, and denied. No request was made for a limiting instruction and none was given.

Appellant contends that the evidence he was an escapee caused the jury to regard him as an unsavory character, thus coloring its resolution of disputed issues of fact, such as identity.

Even if it were error to admit the testimony, the error was not of constitutional dimensions, and consequently reversal is not appropriate unless it is more probable than not that the error materially affected the verdict. United States v. Valle-Valdez, 554 F.2d 911, 916 (9th Cir. 1977).

Courts have considered several factors when considering whether error materially affected juror deliberations. These include:

(a) The objectionable testimony came up only incidentally, and was never mentioned again. Parker v. United States, 404 F.2d 1193 (9th Cir. 1968).

(b) An absence of aggravated and repetitive references to the subject involved. Brown v. United States, 380 F.2d 477 (10th Cir. 1967); see also Hazeltine v. Johnson, 92 F.2d 866 (9th Cir. 1937).

(c) The witness' testimony was cut off before he could state the crime for which the defendant was being held. See Atkinson v. United States, 344 F.2d 97 (8th Cir. 1965).

(d) An absence of reason to assume that the passing reference rendered the jurors

incapable of fairly considering the relevant facts or reaching an impartial verdict. *Hazeltine v. Johnson, supra; Cavness v. United States*, 187 F.2d 719 (9th Cir. 1951).

(e) The fact that the trial judge who denied the motion for mistrial was in the best position to observe the jury and the impact of the inadmissible evidence upon it. *Atkinson v. United States, supra; Brown v. United States, supra.*

All of these factors support a holding that, in Appellant's case, the guard's slip of the tongue constituted harmless error.

▬ The Government introduced evidence that, eleven days after the Tacoma robbery, Appellant robbed a bank in Spokane. A portion of his testimony from his earlier escape trial was read to the jury. It included his admission that he was the robber of the Spokane bank, and described how he had accomplished the robbery. The trial court let in this evidence under Fed.R.Evid. 404(b), which provides that evidence of other crimes or acts may be admissible for certain purposes. The jury was instructed that the evidence of the Spokane robbery was to be considered solely on the issues of (1) identity and (2) common plan, scheme, system, design or course of conduct.

▬ We think, however, that Rule 404(b) was incorrectly invoked. The points of similarity between the Tacoma and Spokane robberies were ones which are so common to most bank robberies as to be entirely unhelpful. The conduct was not sufficiently "peculiar, unique or bizarre," *Parker v. United States*, 400 F.2d 248, 252 (9th Cir. 1968), nor was it so unusual or distinctive as to constitute Ezzell's personal "signature" on each crime, *United States v. Phillips*, 599 F.2d 134, 136–37 (6th Cir. 1979). Consequently, the requirements of Rule 404(b) were not met here. It was thus error to admit evidence of the Spokane robbery. However, where other, properly admitted, evidence of the defendant's guilt is overwhelming, the error may be held to be harmless. *United States v. Marques*, 600 F.2d 742 (9th Cir. 1979). Positive identification of Appellant as the Tacoma robber was made by three witnesses who were inside the savings and loan branch at the time of the robbery. Also, photos were taken inside the branch office by a surveillance camera activated during the robbery. It cannot be said that the Spokane robbery evidence materially affected the jurors' verdict. *See United States v. Bettencourt*, 614 F.2d 214 (9th Cir. 1980). The error was harmless.

In addition to the aforementioned positive identifications of Appellant by eyewitnesses, one witness from within the Tacoma Savings branch and three from without testified, in effect, that Appellant resembled the man they had seen at the time of the robbery.

▬ Appellant urges that testimony of mere resemblance to the wrongdoer is inadmissible and may not be used to support a conviction. The rule of law is not quite that strict. The cases teach that in the absence of connecting or corroborating facts or circumstances, resemblance identification *alone* will not sustain the beyond a reasonable doubt standard essential for conviction. *United States v. Johnson*, 427 F.2d 957 (5th Cir. 1970); *United States v. Musquiz*, 445 F.2d 963 (5th Cir. 1971). *See also United States v. Williams*, 436 F.2d 1166 (9th Cir. 1970); *United States v. Brandon*, 633 F.2d 773 (9th Cir. 1980).

Affirmed.