KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I conclude that the district court abused its discretion in concluding that the unfair prejudicial impact of admitting the prior bad-acts evidence to prove identity was outweighed by its probative value,[1]1 respectfully dissent.
Although I agree with the majority that identity was at issue, I conclude that the district court’s Rule 403 determination was an abuse of discretion. As the majority correctly identifies, a significant consideration in the Rule 403 analysis is “the availability of other means of proof’ that are less prejudicial than the evidence at issue. United States v. Merriweather, 78 F.3d 1070, 1077 (6th Cir.1996) (citing Huddleston v. United States, 485 U.S. 681, 688, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). In Johnson’s case, the prosecution relied on Duncan’s eyewitness identification to connect Johnson to the crime. Once Duncan identified Johnson as the man on the scooter, additional testimony from Duncan regarding Johnson’s identity was superfluous — either the jury was going to believe Duncan’s identification was accurate or they were not. Nothing about Duncan’s testimony regarding Johnson’s prior bad acts bolstered Duncan’s credibility. In fact, the only way that this additional testimony could have made the connection to Johnson more plausible was by the impermissible suggestion that the adage “once a drug [supplier], always a drug [supplier]” applied to Johnson. See United States v. Bell, 516 F.3d 432, 444 (6th Cir.2008). This is so because Duncan did not testify about anything “distinctive” or “signature” regarding Johnson’s prior bad acts, nor did he testify as to their “agreement to commit a series of crimes” so as to provide probative context. United States v. Phillips, 599 F.2d 134, 136-37 (6th Cir.1979) (holding inadmissible confederate’s testimony of defendant’s prior participation in bank robberies with confederate). Instead, Duncan provided “only general testimony” about Johnson’s “repeated performance” of prior bad acts. Id. This Circuit has deemed prior bad-acts evidence inadmissible in similar circumstances. See id.[2] Thus, because the unfairly prejudicial *475 impact of the evidence clearly outweighed its minimal, if not minuscule, probative value in light of the “singularly persuasive” nature of Duncan’s eyewitness identification, I would hold that the district court abused its discretion in determining otherwise.
Furthermore, I cannot conclude that any error was harmless. With such minimal evidence connecting Johnson to the crime and the influence of the inadmissible evidence on the jury’s treatment of the prosecution’s key witness unknown, my confidence in the validity of the conviction is undermined. See Bell, 516 F.3d at 448 (concluding error was not harmless where evidence was not overwhelming and government had “only circumstantial” evidence connecting defendant to the crime); United States v. Haywood, 280 F.3d 715, 724-25 (6th Cir.2002) (finding where defendant’s “guilt was significantly contested” error was not harmless even though the “government offered sufficient proof’ of guilt). The fact that the jury was instructed on three separate impermissible purposes for admission[3] does not cure, but only underscores, this conclusion. Accordingly, I respectfully dissent.

. The unfair prejudicial impact of admitting the prior bad acts to prove identity is reviewed for abuse of discretion. See United States v. Clay, 667 F.3d 689, 693-94 (6th Cir.2012).

. The general nature of Duncan's testimony also renders this case distinguishable from our holding in United States v. Thomas, 74 F.3d 676, 678 (6th Cir.1996), which involved the admission of prior bad acts to prove identity. In Thomas, the evidence at issue was significantly more probative because the prior bad acts involved the defendant selling crack at the exact same location and in the exact same manner as he was alleged to have done in the charged offense. Id. at 679. In contrast, as previously stated, the testimony with respect to Johnson’s past activities was very vague; Duncan did not testify that Johnson routinely arrived on a scooter at the same *475 location to supply Duncan with crack for sale. Duncan testified only that Johnson supplied him with drugs in the past. Consequently, Duncan’s testimony as to Johnson’s prior bad acts was significantly less probative than the testimony at issue in Thomas.

. I do not conclude, nor does the majority urge, that the evidence was admissible for any other purpose pursuant to Federal Rule of Evidence 404(b).