**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50118 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00847-GAF-1 |
| v. | |
| OWUSU ANANEH FIREMPONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted August 4, 2015
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

Owusu Ananeh Firempong appeals his conviction for health care fraud in

violation of 18 U.S.C. § 1347.  We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. In his opening brief, Firempong argues only that Dr. Owens' testimony was admissible under Federal Rule of Evidence 404(b)(2)'s "identity" exception. Thus, to the extent that Owens' testimony may have been admissible under Rule 404(b)(2)'s "plan" exception, this argument is waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

The district court did not abuse its discretion in concluding that Owens' testimony was character and propensity evidence, and not evidence of identity—the argument Firempong does advance on appeal. Owens would have testified that HB Financial and Sirin Billing had previously duped her into submitting false bills to Medicare, supporting an impermissible inference that they had a propensity to dupe doctors, and, in conformity with this character, they also duped Firempong. *See* Fed. R. Evid. 404(b)(1); *United States v. McCourt*, 925 F.2d 1229, 1235 (9th Cir. 1991) ("Evidence of 'other crimes, wrongs, or acts,' no matter by whom offered, is not admissible for the purpose of proving propensity or conforming conduct . . . ."). This evidence was not otherwise admissible for purposes of proving identity under Rule 404(b)(2), because the identity of the two companies was never in doubt and because the scheme described by Dr. Owens was not "peculiar, unique, [] bizarre," or "so unusual or distinctive as to constitute

[a] personal signature on each crime." *United States v. Ezzell*, 644 F.2d 1304, 1306 (9th Cir. 1981).

2. The district court did not abuse its discretion in declining to give Firempong's requested jury instructions because they were unnecessary. *See United States v. Trevino*, 419 F.3d 896, 901 (9th Cir. 2005) ("It is not reversible error to reject a defendant's proposed instruction on his theory of the case, if other instructions, in their entirety, adequately cover that defense theory."). The instructions given required proof beyond a reasonable doubt that Firempong acted with a bad purpose, with knowledge that his conduct was unlawful, and with intent to defraud. Therefore, the jury could not have found Firempong guilty if it found that he acted in good faith. This obviated the need for a separate good faith instruction. *See United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) ("[A] criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty . . . ."). Nor was it necessary to instruct the jury that it could not find Firempong guilty simply because he violated a Medicare regulation, as that finding alone would not

include the findings of intent to defraud and knowledge of unlawfulness included in other instructions.[1]

3. The district court did not abuse its discretion in denying Firempong's motion to exclude evidence of uncharged false Medicare claims because they were inextricably intertwined with the false claims charged in the indictment and evidenced the scope of the charged scheme. *See United States v. Rizk*, 660 F.3d 1125, 1131–33 (9th Cir. 2011); *United States v. Soliman*, 813 F.2d 277, 278–79 (9th Cir. 1987). Similarly, the district court did not plainly err in failing to exclude evidence that power wheelchairs were used to recruit Medicare beneficiaries. The means of recruitment was part of the charged scheme and was explicitly alleged in the indictment. *See Soliman*, 813 F.2d at 279; *United States v. Santiago*, 46 F.3d 885, 889 (9th Cir. 1995) ("[T]he record reveals no evidence of any specific, wrongful acts by either [the defendant or his gang] that are *unrelated* to the [crime charged]. . . . It therefore does not constitute 'other crimes' evidence subject to Rule 404(b)." (emphasis added)). Moreover, the evidence was not unfairly prejudicial, as it did not show that Firempong himself recruited any beneficiaries or

---

[1] We have squarely rejected Firempong's challenge to the instruction that intent to defraud "may be shown by evidence that a representation is made with reckless indifference to its truth or falsity." *See United States v. Dearing*, 504 F.3d 897, 902–03 (9th Cir. 2007).

4

even knew about the way in which his co-conspirators were recruiting beneficiaries. Any prejudice caused by the waste involved in giving power wheelchairs to individuals who did not need them was not unfair, as the evidence was proof of the manner in which the scheme operated. *See Rizk*, 660 F.3d at 1133.

4. Nor did the district court abuse its discretion in allowing the government to impeach Firempong with his prior conviction for conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a), (h). While not automatically admissible under Federal Rule of Evidence 609(a)(2), Firempong's prior money laundering conviction was admissible under Rule 609(a)(1)(B), as the probative value of the conviction for impeachment purposes outweighed its prejudicial effect. Firempong's testimony and credibility were central to the case, and the prior money laundering conviction was recent, probative of veracity, and dissimilar to the crime charged in this case. *See United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). Moreover, the court mitigated the prejudicial impact of the prior conviction by issuing a proper limiting instruction, which we presume the jury followed. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

**AFFIRMED.**