**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50205 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00190-CJC-1 |
| v. | |
| RONNIE JOSEPH JOHNSON, AKA Joker, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

On October 15, 2008, a Citibank in Orange, California was robbed ("Citibank

Robbery"). A bank robbery in La Palma, California ("La Palma Robbery") was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

conducted in a similar manner earlier that year. After trial for the Citibank Robbery, Ronnie Johnson was convicted on one count of armed robbery and one count of use and carrying of a firearm during commission of a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d) and 924(c). This appeal ensued. We affirm.

1. Johnson argues that the La Palma Robbery evidence should have been excluded because there were not sufficiently distinctive similarities between the La Palma and Citibank Robberies to establish identity for purposes of Federal Rule of Evidence 404(b). Additionally, Johnson contends that this other bad act evidence was more prejudicial than probative under Federal Rule of Evidence 403.

Generally, evidence of "other bad acts" cannot be used to suggest that a defendant had the propensity to commit a charged crime. Fed. R. Evid. 404(b)(1). However, under Rule 404(b), evidence of other crimes or acts is admissible to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). In cases where the evidence is used to establish identity, a prior act must be sufficiently similar to the charged offense to support an inference of identity. *United States v. Luna*, 21 F.3d 874, 878 (9th Cir.), *as amended* (May 4, 1994). Common, generic features of robberies -- such as wearing black clothing or a mask -- alone are not enough to establish similarity for purposes of Rule 404(b); the similarities must be distinctive somehow. *United States v. Ezzell*, 644 F.2d 1304, 1306 (9th Cir. 1981); *see also Luna*, 21 F.3d

2

at 881. Distinctiveness can be achieved through unusual characteristics, such as peculiar clothing or vehicles. *See Luna*, 21 F.3d at 882 (noting that distinctive headwear supported an inference of identity).

Here, several commonalities between the Citibank and La Palma Robberies were generic features of robberies: for instance, the robbers conducted them in "takeover style" and wore dark clothing. However, in both robberies, one of the robbers wore an unusual floppy-brimmed black bucket hat, and the robbers used a light-blue, older model Toyota Camry as an approach vehicle and a Chevy Tahoe as a getaway car. Taken together, these characteristics established that the robberies were both similar and distinctive enough such that the district court did not abuse its discretion in admitting evidence of the La Palma Robbery under Rule 404(b). Since identity -- i.e., whether it was Johnson who participated in the Citibank Robbery -- was the primary issue at trial, this evidence was also highly probative for purposes of Rule 403. Moreover, the district court gave a limiting instruction on the appropriate use of this other crimes evidence, which mitigated any potential unfair prejudice. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 604 (9th Cir. 1993). Thus, the district court did not abuse its discretion by admitting the La Palma Robbery evidence.

2. Johnson also contends that jail calls discussing other robberies should have been excluded under Rules 404(b) and 403. As discussed above, using other bad

acts to suggest that a defendant had the propensity to commit the charged crime is impermissible. Fed. R. Evid. 404(b)(1). However, establishing a criminal relationship between defendants is an acceptable, non-propensity use of "other bad acts" evidence. *See United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). Here, the purpose of introducing the jail calls was to establish the ongoing criminal relationship among Johnson, Darrell Weisner, and Demetrius Holton.[1] Moreover, since Weisner was a cooperating witness testifying against Johnson as his alleged fellow Citibank robber, establishing this criminal relationship was highly probative for purposes of Rule 403. For these reasons, the district court did not abuse its discretion by admitting the jail calls.

3. Lastly, Johnson argues that evidence that he was arrested for a crime -- other than those committed with Weisner -- should have been excluded because it was not "inextricably intertwined" with other admissible evidence. Even assuming the district court erred, the error was harmless as "it is more probable than not that the error did not materially affect the verdict." *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) (quoting *United States v. Seschillie,* 310 F.3d 1028, 1214 (9th Cir. 2002)).

**AFFIRMED.**

---

[1] Weisner and Holton were alleged participants in the La Palma and Citibank Robberies.